288 So.2d 204 (1974)
ALLEN UNITED ENTERPRISES and/or C.E. Allen & Sons, Inc., and American Mutual Liability Insurance Company, Petitioners,
v.
SPECIAL DISABILITY FUND et al., Respondents.
No. 44197.
Supreme Court of Florida.
January 9, 1974.
*205 Herbert A. Langston, Jr., Orlando, for petitioners.
James H. Smith, St. Petersburg, for respondents.
CARLTON, Chief Justice:
Pursuant to Article V, Section 3(b)(3), Florida Constitution, F.S.A. we review herein, on petition for writ of certiorari, an order of the Industrial Relations Commission which reversed a recovery of excess compensation benefits from the Special Disability Trust Fund ordered by a Judge of Industrial Claims pursuant to Florida Statutes, Section 440.49(4), F.S.A.
The claimant in this compensation case, while employed by the petitioner (Allen *206 United Enterprises), injured his back in an industrial accident in 1966. This accident was settled by a stipulation wherein it was agreed that the claimant suffered a fifty percent permanent partial disability based on loss of wage earning capacity. The claimant did not work until he was rehired by the same employer two years later. Two months after he was re-hired, he injured his foot in another accident which was also settled by stipulation. The instant action was initiated by the employer against the Special Disability Trust Fund to recover the difference between the amount paid pursuant to the second stipulation and that which would have been paid for the second injury alone. See Special Disability Trust Fund v. Fleet Transport Company, 283 So.2d 31 (Fla. 1973).
The Judge of Industrial Claims found that the first accident had resulted in a twenty-five percent permanent physical impairment to the claimant's lower back; that the employer had knowledge of the pre-existing permanent physical impairment caused by the first accident; that the claimant had sustained a sixty percent permanent partial impairment to his right foot as a result of the second accident; that the second injury merged with the pre-existing disability to produce a greater resulting disability than would have been caused by the second injury alone; and that the employer was entitled to reimbursement from the Special Disability Trust Fund for the difference between the amount paid by stipulation after the second accident and the amount that would have been due for a sixty percent physical impairment to the right foot. The Judge of Industrial Claims also directed that the Special Disability Trust Fund pay the cost of the proceedings.
On appeal by the Special Disability Trust Fund, the Industrial Relations Commission first held that there was no statutory authority allowing costs to be assessed against the Fund, and the award of costs was reversed. The Commission also reversed the reimbursement to the employer on the ground that there was no evidence that the employer knowingly hired a handicapped man, that is, that there was no evidence that he had actual knowledge of a pre-existing, permanent condition. We agree with the Commission as to the denial of costs, but we reverse as to the award of excess compensation and we remand this cause for reinstatement of that portion of the Judge of Industrial Claims' order.
As to costs, the Commission correctly concluded that there is no provision of the Florida Workmen's Compensation Law which authorizes the assessment of costs against the Special Disability Trust Fund and that there was no other Florida statute applicable. Petitioner contends that the question of costs in this case should be controlled by Florida Statutes, Section 57.041(1), which provides that a "party recovering judgment shall recover all his legal costs and charges", and this Court's decision in Simpson v. Merrill, 234 So.2d 350 (Fla. 1970), in which we held that the statute authorized the taxation of costs against the State and its agencies in favor of a party recovering judgment. We hold, however, that a "judgment" as contemplated in the statutes does not include an award of benefits under the Workmen's Compensation Law by a Judge of Industrial Claims; nor does it contemplate any other order or award obtained through any "quasi-judicial" administrative agency.
As to the recovery of excess benefits awarded by the Judge of Industrial Claims, there was competent and substantial evidence in the record to support the Judge's finding that the employer had knowledge of the pre-existing permanent physical impairment. In fact, the Judge detailed the evidence upon which he relied:
"... That Carlos E. Allen, the employer who hired the claimant herein just prior to his accident of November 6, 1968, was a witness to the accident of September 30, 1966, when the claimant injured his low back; ... that a copy of the Stipulation and Joint Petition *207 for Lump Sum Settlement and the Order of the Judge approving same, was mailed to C.E. Allen, which Stipulation and Order reflected that the claimant had sustained a fifty percent loss of wage earning capacity following the accident and injury of September 30, 1966 [,] and that he was off work for a number of years following said back injury and hired by said Carlos E. Allen no more than two months prior to his injury of November 6, 1968. This finding is further based on the testimony of C.E. Allen that said [claimant] was under the doctor's care following said back injury and that he knew that said [claimant] had had a serious injury when he rehired him just prior to his accident of November 6, 1968."
In reversing, the Industrial Relations Commission stated:
"The record does indicate that while Carlos Allen, the employer, did observe the claimant's first accident and did know that the claimant was out of work after that accident, Mr. Allen testified positively that he did not know that claimant had a permanent disability or impairment."
The "record" referred to by the Commission is apparently the testimony of the employer which included many questions and answers similar to, and including, the following:
"Q. You were aware then that he has fallen off and at least claimed to have some back injury?
A. Yes.
Q. Were you aware, sir, that he was under the doctor's care for a period of time then?
A. Yes, he was while he couldn't work.
Q. And were you aware that as a result of that back injury he received some settlement, 
A. Yes, sir.
Q.  based on the fact that he had, according to the doctor, anyway, some disability with his back?
A. No, I  that wasn't the way I understood it.
Q. What did you understand?
A. When they made a cash settlement and it was over, he said he was able to go to work. I didn't understand that he had permanent injuries.
Q. But you were aware that he had a back injury?
A. I know. I was right by him when he stepped off. He stepped off the side of a lowboy.
Q. Were you aware at least that he was off work for a period of time?
A. Yes, sir, I was."
Thus, while the employer admitted knowledge of the accident, of the settlement, of a back injury, of an extended period of doctor's care, and of a two-year period during which the employee was unable to work, he continually denied knowledge of a "permanent disability". However, the employer's definition of "permanent disability" is not the same as that contained in the Florida Workmen's Compensation Law, as evidenced by the following testimony:
"Q. Well, if the doctor said the man had a permanent disability as a result of this last foot injury, would you disagree with that?
A. Yes.
Q. You disagree if he said he has a permanent disability with this foot?
A. Well, yes. I mean, he lost part of that foot, but, in my opinion, that's still no disability.
Q. So, what I'm trying to get at is your definition of disability. Could *208 you tell us that? What do you mean when you say disability?
A. Well, he could still do something, or looked to me like he could. I mean, I don't see how that'd stop him from anything, from doing anything. I mean, he could go out and pick up side motors and pull ring pipes like we had on them cats. He might have cut part of that foot off, but, otherwise, he could handle small tools or work right on, seems to me like.
Q. And is it the same thing you're talking about when you're talking about the disability to his back?
A. Yes."
An employer's own personal definitions do not control the application of the Florida Workmen's Compensation Law. Also, it is not knowledge of a disability which is required for a reimbursement of excess compensation benefits, but knowledge of a "permanent physical impairment". Fla. Stat. § 440.49(4)(b), F.S.A., defines "permanent physical impairment" as:
"... any permanent condition due to previous accident or disease or any congenital condition which is or is likely to be a hindrance or obstacle to employment and which was known to the employer prior to the occurrence of the subsequent injury or occupational disease."
Under that definition, this Court, in Unit Wall Company v. Speh, 133 So.2d 304 (Fla. 1961), held that it is not necessary that a pre-existing impairment be such as to actually interfere with the employee's work capabilities or efficiency; it simply has to be a pre-existing disease or condition which is permanent, which is known to the employer, and which would reasonably magnify the extent or result of a subsequent injury. For an employer to recover from the Fund under Section 440.49, we stated that,
"It is not necessary that it be shown that the employer considered the disease or condition as a hindrance or obstacle, yet nevertheless hired the employee... . We think it sufficient if it is shown that the employee had a pre-existing permanent disease or condition which had a potential for and did exaggerate the extent or result of a subsequent compensable injury and that the employer had prior knowledge thereof."
In the instant case, the evidence showed, and the Judge of Industrial Claims so found, that the employee had a pre-existing permanent condition, as a result of his back injury, which exaggerated the extent of a subsequent compensable injury. The employer testified that he had knowledge of that pre-existing permanent condition. His testimony that he did not consider the condition disabling or a hindrance in any way to the employee's working capabilities was irrelevant. Aside from the employer's testimony, the Judge of Industrial Claims also relied upon the fact that a copy of the Stipulation and Joint Petition settling the claim on the first accident and reflecting a fifty percent loss of wage earning capacity was mailed to the employer. This evidence, alone, would have been sufficient to support the Judge's finding of knowledge of a pre-existing permanent condition.
Therefore, while the order of the Industrial Relations Commission is affirmed insofar as it reverses the Judge of Industrial Claims' taxation of costs against the Special Disability Trust Fund, the order is otherwise reversed. This cause is remanded to the Industrial Relations Commission with directions to reinstate that portion of the order of the Judge of Industrial Claims which was improperly reversed.
It is so ordered.
ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.