JOHNSON, Judge.
By petition for writ of certiorari, petitioner seeks reversal of the Order of the Division of Beverage assessing a civil penalty of $450.00 against petitioner for gambling and allowing gambling on his premises.
We have heard oral argument in this cause and have carefully examined the entire record and the briefs submitted by the parties. It is our conclusion that the Order adjudging petitioner guilty of gambling and permitting gambling on his premises is not supported by competent substantial evidence and therefore must be reversed.
It appears from the transcript that Beverage Agent Roberts was, on two occasions, making a concerted effort to produce evidence of gambling (even going so far as to harass persons into playing pool with him and having the bartender call petitioner at his home to inquire as to whether petitioner would come over and play pool with Roberts). At the time of petitioner’s arrest on gambling charges, there was ample evidence to support petitioner’s allegation that he was handing Roberts eight quarters in change for the two one dollar bills that Roberts’ had previously given him. There was evidence from at least five different persons that there were several “No Gambling” signs on the premises near the pool tables and that petitioner did not allow gambling on the premises. While one witness did admit that money passed hands after a pool game with Roberts, there was no evidence that petitioner himself was aware of this event. There was also evidence that Roberts himself appeared to be intoxicated on at least one of the dates in question.
Based upon a review of the transcript of the hearing, we do not feel that the Order *770 sought to be reviewed herein was supported by substantial competent evidence of guilt. Accordingly, the petition for writ of certiorari is granted and the Order adjudging petitioner guilty of gambling and allowing gambling on his premises is vacated and set aside.
RAWLS, C. J., concurs.
MASON, ERNEST E., Associate Judge, dissents.
MASON, ERNEST E., Associate Judge (dissents).
I dissent. It is my view that there is competent and substantial evidence in the record to support the finding of the Beverage Division. As an appellate court we should not substitute our evaluation of the evidence upon which the respondent agency predicated its findings and judgment (DeGroot v. Sheffield, Fla., 95 So.2d 912). I am of the opinion that the evidence upon which the agency based its findings was sufficiently relevant and material so that a reasonable mind would accept it as adequate to support the conclusions reached.