ON PETITION FOR ENFORCEMENT OF MANDATE
SMITH, Judge.
Bryan petitions the Court to impose on the Division of Beverage Bryan’s costs— the filing fee of this Court and the court reporter’s charges for transcribing testimony at the hearing before the Division — incurred and paid by Bryan in his successful prosecution of a petition for certiorari to review and reverse the Division’s order assessing a civil penalty. Bryan v. Department of Business Regulation, Division of Beverage, 313 So.2d 769 (Fla.App. 1st, 1975).
Entry of a judgment by this Court ordinarily entails an award of costs to the successful litigant. Sec. 57.041(1), F.S.1973, Rule 3.16, F.A.R. Because what Bryan won in this Court was its judgment, not merely a quasi-judicial order of an agency, the limitations imposed by Allen United Enterprises v. Special Disability Fund, 288 So.2d 204 (Fla.1974) would not deprive Bryan of an award of costs in this case. But the Legislature has specifically provided by the Administrative Procedure Act that costs may be awarded an aggrieved party prevailing by court review of agency action done in bad faith or *638 maliciously. Sec. 120.57(1) (b) 10, F.S.1973 (1974 Sup.). By clearly specifying the instances in which costs may be awarded by a court reversing an agency’s order, the Legislature by implication disallowed such awards in other cases. Accordingly, Bryan’s petition is
Denied.
RAWLS, Acting C. J., and McCORD, J., concur.