326 So.2d 66 (1976)
Roderick W. CAMPBELL, Petitioner,
v.
STATE of Florida DEPARTMENT OF TRANSPORTATION, Respondent.
No. 75-929.
District Court of Appeal of Florida, Fourth District.
January 30, 1976.
*67 Tracy E. Stafford and Robert W. Crawford, Fort Lauderdale, for petitioner.
Geoffrey B. Dobson, Gen. Counsel, and George L. Waas, State Dept. of Transportation, Tallahassee, for respondent.
PER CURIAM.
Upon due consideration we are of the opinion that the final order of the State Department of Transportation, respondent herein, entered on April 25, 1975, does not conform to the provisions of sec. 120.57(1)(b)(10), Florida Statutes, 1974 supplement, which was in existence at the time said final order was entered. (See Chapter 74-310, Laws of Florida.)[1]
The record reflects recommended orders entered by the hearing examiner containing findings of fact and conclusions of law. The agency's order rejects the findings of fact made by the hearing examiner but fails to "state(s) with particularity in the order, that the findings of fact [of the examiner] were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of *68 law ...".[2] (See also footnote 1, su pra).
It is clear from a reading of the agency's order that its ultimate determination disallowing payments to the petitioner was based exclusively upon its own findings of fact rather than those of the hearing examiner without conforming to the procedures set forth in sec. 120.57(1)(b)(10). Accordingly, the final order is quashed and the cause remanded to the respondent for the entry of an order consistent with findings of the hearing examiner.
OWEN and MAGER, JJ., and STRAWN, DAVID U., Associate Judge, concur.
NOTES
[1] Chap. 74-310, enacted on June 25, 1974, became fully effective on January 1, 1975. Sec. 120.57(1)(b)(10), F.S., provides:

"120.57 Decisions which affect substantial interests * * *
(1) Formal proceedings. * * *
(b) * * * * *
(10) The agency may [accept] the recommended order [and adopt it] as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court, in reversing an agency's order, finds that such agency action was done in bad faith or maliciously, the court may award attorney's fees and costs to the aggrieved prevailing party."
[2] The hearing examiner found that petitioner's business which was required to be vacated pursuant to a highway construction project was a sole proprietorship and that another business operated by petitioner at another location was a partnership; the examiner concluded that the sole proprietorship "was not part of a commercial enterprise having at least one other establishment which is not being acquired by the state and which is engaged in the same or similar business" thereby entitling petitioner to certain payments under Part 19.e of Instructional Memorandum 80-1-71, implementing the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970.