QUESTION: When a review is sought of an order of a hearing examiner pursuant to s. 394.457(6)(d), F. S., and the patient is indigent, is the county from which the patient was originally committed, the county in which the patient is confined, or the Division of Mental Health of the Department of Health and Rehabilitative Services responsible for paying the expense of the transcript of the proceedings before the hearing examiner pursuant to s. 394.467(4), F. S.?
SUMMARY: Until legislatively or judicially determined otherwise, when a review is sought in the circuit court of an order of a hearing examiner in a continued involuntary hospitalization hearing pursuant to s. 394.457(6)(d), F. S., and the patient is indigent, neither the county from which the patient was originally committed, the county in which the patient is confined, nor the Division of Mental Health of the Department of Health and Rehabilitative Services is responsible for paying the costs or expense of such review by the circuit court and for paying the expense of the transcript of the proceedings before the hearing examiner pursuant to s. 394.467(4), F. S. Pursuant to s.394.457(6)(d), F. S., "[a]n order of a hearing examiner may be reviewable by the circuit court of the county in which the hearing is held or by the court of original jurisdiction." There is no specific statutory direction as to who is responsible for the expenses of filing for judicial review and preparation of the record for judicial review. In AGO 072-251, I ruled that although s. 394.459(9)(a), F. S. 1971 (now s. 394.459(10)(a), F. S.), provides that a person detained in a treatment facility or some other interested person on behalf of such person may petition for a writ of habeas corpus to question the cause and legality of such detention, that provision does not expressly authorize such detained person who is indigent the right of counsel, nor did I find "any other section of this act or in the Florida statutes or case law which would lead one to believe that such an indigent person must be provided with counsel for this purpose." (Emphasis supplied.) Section 394.459(10), F. S. 1971 (now s. 394.459(11), F. S.), does require the governing body "of the patient's county" to arrange for transportation to a treatment facility when the patient is indigent. In AGO 072-251, I noted also that it is within the court's discretion and inherent power to appoint an attorney to represent an indigent in a habeas corpus proceeding; however, there is no requirement "that the county from which the patient originated or the county where such indigent patient is hospitalized pay the attorney fees of such court-appointed counsel."
Costs, expenses, and attorneys' fees cannot be awarded unless such award is authorized by statute. Cullette v. Ochoa, 104 So.2d 799
(1 D.C.A. Fla., 1958); Lang V. Lang, 252 So.2d 809 (4 D.C.A. Fla., 1971). In County of Dade v. Sansom, 226 So.2d 278 (3 D.C.A. Fla., 1969), the court ruled that there was no ordinance, statute, or rule of law authorizing the taxation of costs against the county upon appeal to the circuit court of a conviction in the Metro court of a violation of a Metro county ordinance. "At common law counties were not liable for any costs and their liability for costs depends solely on statutes [or, as here, an ordinance]." Cf. Wood v. City of Jacksonville, 248 So.2d 176 (1 D.C.A. Fla., 1971). Nowhere in Ch. 394, F. S., is an indigent entitled to his expenses in seeking the review in the circuit court authorized under s.394.457(6)(d), nor is there any statutory authority for the assessment of such costs or expenses against counties or agencies of the state. Cf. Allen United Enterprises v. Special Disability Fund, 288 So.2d 204, 206 (Fla. 1974). There is no provision of the Mental Health Act, Ch. 394, F. S., which authorizes the assessment of costs against the Department of Health and Rehabilitative Services, and there is no other Florida statute applicable. One may contend that the question of costs should be controlled by s.57.041(1), F. S., which provides that a "party recovering judgment shall recover all his legal costs and charges," and Simpson v. Merrill, 234 So.2d 350 (Fla. 1970), which held that this statute authorized the taxation of costs against the state and its agencies in favor of a party recovering judgment. However, a "judgment" as contemplated in the statutes does not contemplate any order or award obtained through any "quasi-judicial" administrative agency. Allen United Enterprises v. Special Disability Fund, 288 So.2d 204 (Fla. 1974). As the law exists, and in absence of any peculiar judicial guidance on the precise question of assessment of, or entitlement to, costs and expenses incurred in seeking judicial review in the circuit court, either by common law certiorari or other appropriate designated statutory procedure, of orders of the hearing examiner for continued involuntary hospitalization entered under Ch. 394, I am unable to say that any authority at law exists for granting of any such costs and expenses. The only part of Ch. 394, supra, dealing with the payment of costs of indigents is s. 394.473(3) concerning the appearance of a physician when one is required in a court hearing. As that subsection sets forth, this expense is to be paid by the county from which the patient was hospitalized. The statute not having made any other provision for payment of any other costs or expenses in any other proceeding, none other may be implied, and no other costs or expenses are authorized to be assessed against the counties or agencies of the state. Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); State ex rel. Judicial Qualifications Comm. v. Rose, 286 So.2d 562 (Fla. 1973); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). See especially Bryan v. Dept. of Bus. Reg., Division of Beverage, 316 So.2d 637 (1 D.C.A. Fla., 1975). Nor does Ch. 394 impose liability upon the state or Department of Health and Rehabilitative Services when an indigent patient seeks review by the circuit court of the hearing examiner's order for continued involuntary hospitalization. Cf. AGO 072-251 discussed above. Section 18, Art. V, State Const., provides that the duties of the public defender shall be prescribed by general law. Section 394.467(4)(e), F. S., states that "[i]n the event a patient cannot afford counsel in a hearing before a hearing examiner, the public defender in the county where the hearing is to be held shall act as attorney for the patient." This is the only statutory authority under which the public defender may proceed to represent an indigent patient in a continued involuntary hospitalization hearing. By its terms, this section authorizes the public defender to proceed in a hearing before a hearing examiner on the necessity for continued hospitalization, and he is not thereby authorized to represent such patient before the circuit court. Although he is a constitutional officer, the public defender has no inherent powers but has only those duties imposed and those powers granted by statute and may exercise only the authority conferred by statute. Cf. Lang v. Walter, 35 So. 78 (Fla. 1903); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944). Where there is doubt as to the existence of authority, it should not be assumed. White v. Crandon, 156 So. 303 (Fla. 1934); Gessner v. Del-Air Corporation, supra, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, cert. dism'd, 300 So.2d 900 (Fla. 1974). Therefore, until legislatively or judicially determined otherwise, I am of the opinion that an indigent patient is not entitled to the expenses of filing for review and of the record on review in such proceedings in the circuit court; such costs are not authorized to be paid by the county or a state agency, and there is no statutory provision providing for the assessment of such costs or expenses against the counties or state agencies.