345 So.2d 1106 (1977)
Henry HARVEY, D/B/a Hi Neighbor Store, Petitioner,
v.
Charles a NUZUM, Director, Division of Beverage, Department of Business Regulation, State of Florida, Respondent.
No. DD-239.
District Court of Appeal of Florida, First District.
May 20, 1977.
Aaron A. Green, Gainesville, for petitioner.
William A. Hatch, Tallahassee, for respondent.
RAWLS, Acting Chief Judge.
Petitioner Harvey seeks review of a final order of the Division of Beverage (division) revoking his beverage license.
On May 14, 1975, the division filed an administrative complaint against Harvey, alleging that he had earlier pled guilty to one count of a drug violation, had been adjudicated guilty of same, and such conduct was grounds for revoking his license pursuant to Section 561.29 of the beverage laws.
A hearing was held by the Division of Administrative Hearings. On March 29, 1976, the hearing officer published his recommended order that the administrative complaint against Harvey be dismissed. In support of this recommendation, the hearing officer found that the division had failed to present any admissible evidence that Harvey had violated any provision of Section 561.20, Florida Statutes, and that it also failed to offer evidence that Harvey even held a beverage license issued by the State.
On August 4, 1976, notwithstanding the recommended order of the hearing officer, the division revoked Harvey's beverage license. Without stating any specific findings of fact to refute those of the hearing officer, the division found that "a preponderance of the evidence supports Petitioner's [Division] contention that Henry Harvey was convicted of a felony in Case No. 74-730, in Marion County, Florida, in violation of Florida Statutes 561.29 of the Beverage Laws".
Harvey first argues that the Division's final order was devoid of the specific *1107 factual recitations required by statute when an agency has rejected the recommended order of a hearing officer. We agree.
Section 120.57(1)(b)(9), Florida Statutes (1975), states that an agency in its final order:
"... may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law."
In Powell v. Board of Public Instruction of Levy Co., 229 So.2d 308 (Fla. 1st DCA 1969), this court stated:
"It has been held that a final order of a county school board terminating a teacher's contract of employment which is couched in such general language as to amount to nothing more than a `verdict of guilty as charged' is insufficient. Due process as well as the requirements of the Administrative Procedure Act dictates that the agency's final action be reduced to writing, contain findings of fact based upon the evidence adduced at the hearing, and specifically state the charges which the agency finds to have been sustained... ."
And, as this court in Gentry v. Department of Professional and Occupational Regulations, 283 So.2d 386 (Fla. 1st DCA 1973), stated:
"It has been repeatedly held by the courts of this state that in order to assure due process and equal protection of the laws, every final order entered by an administrative agency in the exercise of its quasijudicial functions must contain specific findings of fact upon which its ultimate action is taken. An administrative order which fails to contain such findings is ineffectual as a predicate for the order sought to be enforced."
Here, the division rejected the findings of fact found in the hearing officer's recommended order without stating "with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law." Such action of the division fails to comport with the requirements of due process, the Administrative Procedure Act and Florida case law, and, as such, is fatally defective. See also Edwards v. Division of Beverage, 278 So.2d 659 (Fla. 1st DCA 1973).
Although remand with instructions requiring a more specific order is customary in cases in which an agency fails to comply with the provisions of Section 120.57(1)(b)(9), Florida Statutes, a review of the record in the instant case shows that the division's order was not supported by competent substantial evidence, and it is, therefore, quashed.
Last, Harvey petitions for an award of attorney's fees and costs pursuant to Section 120.57(1)(b)(9), Florida Statutes, contending that the division's bad faith or malice has been demonstrated by its deliberate failure to comply with the 90-day statutory time limitation and its failure to state specific findings of fact and conclusions of law in the final order. Although the division exhibited a degree of carelessness in its compliance with the requirements of Chapter 120, the record before this court does not demonstrate either bad faith or malice on its part, and thus this point is without merit. Bryan v. Department of Business Regulation, 316 So.2d 637 (Fla. 1st DCA 1975).
The petition for review of final agency action is granted, and the final order of the Division of Beverage revoking Harvey's beverage license is quashed.
SMITH and ERVIN, JJ., concur.