356 So.2d 19 (1978)
K.C. MOORE, Petitioner,
v.
FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD, Respondent.
No. 77-2083.
District Court of Appeal of Florida, Fourth District.
February 21, 1978.
Rehearing Denied March 28, 1978.
*20 R. Stephen Miles, Jr. of Miles & Cumbie, Kissimmee, for petitioner.
Barry S. Sinoff of Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for respondent.
ANSTEAD, Judge.
The petitioner, K.C. Moore, is here seeking to overturn an order of the Florida Construction Industry Licensing Board suspending his contractor's license for one year.
An administrative complaint was filed alleging that Moore allowed his license to be used on a construction project while not actively participating as a contractor on the project himself. A hearing examiner conducted a trial and concluded in his recommended order and findings of fact that Moore was not guilty. The board, in an order which made no finding as to Moore's guilt or innocence or discussed the hearing examiner's findings, suspended his license for one year.
The law requires that an agency in its final order either accept or reject the findings of fact of the hearing officer. Section 120.57(1)(b)(9), Florida Statutes (1975). If the findings are rejected by the agency its order must state with particularity which findings are rejected and why. Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977).
In his findings of fact the hearing examiner stated in part:
K.C. Moore, in accordance with the contract, applied and received the building permit, provided insurance on the construction project, inspected the project, met and discussed the progress of construction with Arduengo and guaranteed all work done for a period of one year from the completion of the residence against defects and materials and workmanship.
The examiner made other findings also indicating Moore's active participation in the construction project in question. We can find no evidence in the record contrary to the hearing examiner's conclusion. Since the board made no findings in its suspension order and there is no evidence in conflict with the hearing examiner's findings, we have no alternative but to set aside the suspension order as being unsupported by competent substantial evidence. Boyette v. State Professional Practices Council, 346 So.2d 598 (Fla. 1st DCA 1977).
Moore has also asserted on appeal that the respondent board has acted with malice or bad faith thereby entitling him to attorney's fees and costs under Section 120.57(1)(b)(9), Florida Statutes (1975). However, we can find no basis in the record for this assertion.
*21 Accordingly, the petition for writ of certiorari is granted and the final order of August 29, 1977 is hereby quashed with directions that an order be entered in accordance with this decision. The petitioner's request for attorney's fees and costs is denied.
ALDERMAN, C.J., and MOORE, J., concur.