PER CURIAM.
The petitioner’s license to practice chiropractic was revoked by the Florida State Board of Chiropractic Examiners despite findings of the Hearing Examiner that the petitioner was innocent of the particular charges contained in the complaint and a recommendation that the petitioner suffer only a public reprimand.
We find that the Board altered the Hearing Officer’s findings of fact without stating with particularity why certain findings were modified as required by Section 120.-57(l)(b)(9), Florida Statutes (1975). See Moore v. Florida Construction Industry Licensing Board, 356 So.2d 19, 510 (Fla. 4th DCA, Case No. 77-2083, opinion filed February 21, 1978).
Accordingly the petition for writ of cer-tiorari is granted, the Final Order is quashed, and upon remand the Board should either adopt the Hearing Officer’s findings of fact or, if it wishes to alter these findings, it should, as required by Section 120.57(l)(b)(9), state with particularity why the findings are modified.
ALDERMAN, C. J., and CROSS and DAUKSCH, JJ., concur.