369 So.2d 1038 (1979)
Stephen J. BOROVINA, CG 007016, Appellant,
v.
FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD, Appellee.
No. 78-527.
District Court of Appeal of Florida, Fourth District.
April 25, 1979.
Jordan I. Fields, Stuart, for appellant.
Barry S. Sinoff and Jeffery B. Morris of Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for appellee.
DOWNEY, Chief Judge.
Appellant seeks review of a final order of the Florida Construction Industry Licensing Board revoking appellant's certified general contractor's license.
*1039 An administrative complaint was filed against appellant by the Florida Construction Industry Licensing Board charging appellant, a licensed general contractor, with violating Section 468.112(2)(b) and (c), Florida Statutes (1977), by conspiring with and aiding and abetting an uncertified or unregistered person to engage in unauthorized construction activities. Pursuant to the Administrative Procedure Act, a hearing was held on September 9, 1977, and as a result thereof the Hearing Officer rendered a Recommended Order proposing to dismiss the administrative complaint in its entirety. On February 13, 1978, the Florida Construction Industry Licensing Board entered a final order revoking the appellant's general contractor's license. Said final order, in pertinent part, states:
"The FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD on February 10, 1978, after reviewing a complete transcript of the Administrative Hearing, by motion duly made and seconded voted to revoke the certified general contractor's license of STEPHEN J. BOROVINA. It is therefore,
"ORDERED that the certification of respondent STEPHEN J. BOROVINA, Number CG C007016, be and is hereby revoked."
On appeal it is contended that the agency's final order is fatally defective for failure to comply with Section 120.57(1)(b)(9) of the Florida Administrative Procedure Act. The aforesaid section sets out the procedure to be followed when an agency reviews a Recommended Order of a Hearing Officer. It provides:
"(9) The agency may adopt the recommended order as the agency's final order. The agency and its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court reverses an agency's order, the court in its discretion may award attorney's fees and costs to the aggrieved prevailing party." Section 120.57(1)(b)(9), Florida Statutes (1977). (Emphasis supplied.)
The final order of the agency, under review, totally failed to follow the mandate of the foregoing section. In pertinent part, the order simply stated that the Board had reviewed a complete transcript of the administrative hearing and voted to revoke the contractor's license. This will not fit the bill. The purpose of the statutory requirements relative to the agency review of the Hearing Officer's Recommended Order is to afford the Hearing Officer's findings and conclusions, the dignity usually afforded the findings of a special master. As the Third District Court of Appeal stated in Venetian Shores Home and Property Owners v. Ruzakawski, 336 So.2d 399 (Fla.3rd DCA 1976):
"We believe the entire tenor of the provisions of the Administrative Procedure Act having to do with the functions of a Hearing Examiner leads to the inescapable conclusion that the action of the agency, after a full hearing, is in the nature of a procedural review. Extensive provisions are made for remand or correction where the hearing is not complete or in accordance with the rules of due process, but there is no provision which suggests that the agency should make a new judgment upon the evidence. This relationship between agency and examiner is not new to the law. The rule long applied in chancery matters is that where a master is appointed to take the evidence and report the same, together with his findings of fact and conclusions of law, his findings should be approved by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. Frank v. Frank, Fla. 1954, 75 So.2d 282. We do not *1040 think that the Administrative Procedure Act can be read to grant to the head of an agency greater powers over an examiner's findings than those of a trial judge over the findings of a master in chancery." 336 So.2d at 401.
Numerous cases have held that when an agency rejects or modifies the findings of a Hearing Officer it must strictly comply with the terms of the aforementioned statutory section. Turner v. Florida State Board of Chiropractic Examiners, 356 So.2d 1315 (Fla.4th DCA 1978); Moore v. Florida Construction Industry Licensing Board, 356 So.2d 19 (Fla.4th DCA 1978); Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977); Campbell v. State Department of Transportation, 326 So.2d 66 (Fla. 4th DCA 1976).
In view of the agency's failure to follow the mandate of Section 120.57(1)(b)(9), Florida Statutes (1977), the order appealed from is reversed and the cause is remanded with directions to the Florida Construction Industry Licensing Board to further consider the matter and enter such order as it may be advised in conformity with said section.
REVERSED and REMANDED, with directions.
LETTS and MOORE, JJ., concur.