429 So.2d 1235 (1983)
BREVARD COUNTY SHERIFF'S DEPARTMENT, Appellant,
v.
FLORIDA COMMISSION ON HUMAN RELATIONS and E.R. Brannon, Sr., Appellees.
No. 82-358.
District Court of Appeal of Florida, Fifth District.
March 23, 1983.
Rehearing Denied April 25, 1983.
Catherine A. Riley of Blumenthal, Schwartz & Riley, Titusville, for appellant.
Dana Baird, Asst. Gen. Counsel, and Charlotte Anderson, Certified Legal Intern, Tallahassee, for appellee Florida Com'n on Human Relations.
Gavin D. Lee of Maynard & Lee, P.A., Maitland, for appellee Brannon.
FRANK D. UPCHURCH, Jr., Judge.
The Brevard County Sheriff's Department appeals from a final order of the Florida Commission on Human Relations (Commission) finding that it committed an unlawful employment practice[1] in terminating appellee E.R. Brannon, Sr. from employment. We quash the order.
Brannon suffered an injury to his left hand while acting as a deputy for the Marion County Sheriff's Department. In 1977, he was hired by Brevard County Sheriff Roland Zimmerman as a lieutenant in charge of communications, with supervisory responsibility over some thirty people. Zimmerman was replaced in September, 1978, by Sheriff David Strawn.
*1236 In late 1978, Brannon's hand caused him mild to severe pain and led to the use of medication. He was forced to make numerous visits to the hospital for his condition and his supervisor, observing impairment in Brannon's job function, spoke with Sheriff Strawn about this as well as the medication Brannon was taking.[2]
On January 5, 1979, Sheriff Strawn dismissed Brannon. A letter of dismissal sent by the Sheriff informed Brannon that his duties were not being performed adequately because of his physical condition and the need for taking medication. The letter also reflected the Sheriff's concern for his fellow officers and further, the Sheriff's Department's potential liability for Worker's Compensation as well as for negligent acts committed by Brannon as a result of his use of medication.
In April, 1979, Brannon filed a discrimination complaint with the Commission, claiming that the Sheriff's Department violated chapter 23, Florida Statutes (1979) (The Human Rights Act of 1977) by discharging him from employment because of a handicap, an injured arm.[3]
At a hearing on the complaint, Sheriff Strawn testified that he based his decision to dismiss Brannon on the following factors: 1) medical reports regarding Brannon's condition and the prognosis on that condition;[4] 2) Brannon's use of pain medication; 3) personal observations in which Strawn felt Brannon was "spacey"; 4) belief that Brannon was incapable of line duty, i.e., responsibilities as an armed deputy; 5) problems which Brannon had approaching his job with a "clear head"; 6) high turn-over rate in the communications division which indicated a problem with management by Brannon; and 7) Brannon's lack of ability as an administrator and supervisor.
The hearing officer found that Brannon's injured arm and use of medication rendered him incapable of performing line duty and compounded his problems as an administrator, that Brannon was absent an inordinate number of times, and that a morale problem existed in Brannon's division.
The hearing officer then concluded that under chapter 23, while Brannon's discharge was related to his handicap, "the absence of the particular handicap and the related problems associated with the handicap was a bona fide occupational qualification `reasonably necessary for the performance of the particular employment' ...," section 23.167(8)(a), Florida Statutes (1979), and therefore no unlawful employment practice had occurred.[5]
On review, the Commission stated it was adopting the hearing officer's findings of fact, but rejected his conclusion that the absence of Brannon's handicap is a bona fide occupational qualification. The Commission then concluded that Brannon had been discharged because of his handicap in violation of section 23.167(1)(a) and ordered reinstatement with back pay and reasonable attorney's fees.
*1237 The question before us is whether the Commission, in its order, actually substituted its findings of fact for those of the hearing officer, in violation of section 120.57(1)(b)9, Florida Statutes (1979). See City of Umatilla v. Public Employees Relations Commission, 422 So.2d 905 (Fla. 5th DCA 1982).
The Commission ruled that the Sheriff's Department failed to establish that the use of both hands was reasonably necessary for the performance of the particular employment. This conclusion is in direct conflict with the hearing officer's findings of fact. The recommended order is replete with uncontradicted evidence establishing that Brannon, due to his handicap and associated medical problems (need to take medication and frequent visits to the hospital), was unable to perform many of the tasks required of his position such as duties of a line deputy and unit supervisor. The Commission points to no evidence establishing that Brannon was adequately doing his job and instead merely states that the Sheriff's Department failed to carry its burden otherwise. What the Commission has done, in effect, is ignored or rejected the hearing officer's findings of fact without determining that they are not supported by competent, substantial evidence. This it cannot do. City of Umatilla v. Public Employees Relations Commission. See also Moore v. Florida Construction Industry Board, 356 So.2d 19 (Fla. 4th DCA 1978).
In its final order the Commission further stated:
While the Hearing Officer made several findings of fact regarding Brannon's work performance, the hearing officer neither found nor concluded that Brannon was discharged for unsatisfactory performance or inability to perform the duties required of the position.
Again, it is clear that the hearing officer's findings of fact do constitute a finding that Brannon was discharged for, inter alia, inability to perform various aspects of his job due to his medical condition. Yet again the Commission has chosen either to ignore or reject this finding.
We conclude that the Commission violated section 120.57(1)(b)9, Florida Statutes, and that a review of the record shows that its order is not supported by competent, substantial evidence. Therefore, the Commission's order is QUASHED. See Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977).
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] § 23.167(1)(a), Fla. Stat. (1979).
[2] One of Brannon's co-employees stated that on several occasions, apparently due to the medication he was taking, Brannon did not seem aware of his surroundings and would not respond when spoken to.
[3] Section 23.167(1)(a) provides that it is an unlawful employment practice for an employer:

To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status. (emphasis added)
[4] There was evidence that Brannon's own doctor, in January, 1979, believed that Brannon was totally disabled and unable to use his hand for any gainful purpose.
[5] Section 23.167(8)(a), provides:

Notwithstanding any other provision of this section, it is not an unlawful employment practice under this part for an employer ... to:
(a) Take or fail to take any action on the basis of religion, sex, national origin, age, handicap, or marital status in those certain instances in which religion, sex, national origin, age, absence of a particular handicap, or marital status is a bona fide occupational qualification reasonable necessary for the performance of the particular employment to which such action or inaction is related. (emphasis added).