RAWLS, Judge.
By petition for writ of certiorari,[1] petitioner challenges an order entered by respondent assessing a civil penalty in the amount of $250.00 against petitioner.
The sole question posed by petitioner that we consider to be of import is: did the Director of the Division of Beverage have before him competent, substantial evidence to support his findings and judgment ?
Pursuant to the provisions of the Administrative Procedure Act,[2] the Director elected to use a hearing examiner to resolve the charges alleged against petitioner. The examiner in rendering what is termed “Findings of Fact and Recommendation” in a single paragraph stated:
“Testimony and evidence in this case revealed that malt beverages were sold on June 6, 1971, at a time when such sales were prohibited.”
The foregoing recitation is, to say the least, far short of “findings of fact” contemplated by the statutory provision. The order entered by the Director adopted the examiner’s “Findings of Fact and Recommendations” and found petitioner guilty.
In Powell v. Board of Public Instruction of Levy Co.,[3] this Court specifically held:
“It has been held that a final order of a county school board terminating a teacher’s contract of employment which is couched in such general language as to amount to nothing more than a Verdict of guilty as charged’ is insufficient. Due process as well as the requirements of the Administrative Procedure Act dictates that the agency’s final action be reduced to writing, contain findings of facts based upon the evidence adduced at the hearing, and specifically state the charges which the agency finds to have been sustained. Such was the conclusion reached by the Supreme Court in Hickey v. Wells [91 So.2d 206, (Fla.)]. The reason for such rule was stated by the Supreme Court in Hickey to be as follows :
‘The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.’ (Emphasis supplied.)”
The action of respondent Director' is quashed and the cause remanded with directions that an appropriate final order be entered which shall contain specific findings of fact based upon the evidence adduced at the hearing.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Florida Statute § 120.31(1), F.S.A.

. Florida Statute § 120.24(2), F.S.A.

. Powell v. Board of Public Instruction of Levy Co., 229 So.2d 308 (1 Fla.App.1969).