328 So.2d 199 (1976)
S.E. PYLANT et al., Appellants,
v.
ORANGE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 47217.
Supreme Court of Florida.
February 11, 1976.
*200 Elwood Phillips, Orlando, for appellants.
Steven R. Bechtel, Mateer & Harbert, Orlando, for appellees.
ROBERTS, Justice.
This cause is before us on direct appeal from a judgment of the Circuit Court in and for Orange County, Florida, upholding the constitutional validity of Chapter 63-1716, Section 13(b)(4), Special Acts, Laws of Florida, as amended by Chapter 71-795, Special Acts, Laws of Florida 1971. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida.
Section 13(b), Chapter 63-1716 amended by Chapter 71-795, provides in pertinent part:
"... a special exception shall not be granted by the board of zoning adjustment unless and until ...
(4) The board of zoning adjustment shall make a finding that it is empowered under the section of the zoning resolution described in the application to grant the special exception, and that the granting of the special exception will not adversely affect the public interest.
In granting any special exception, the board of zoning adjustment may prescribe appropriate conditions and safeguards, in conformity with the zoning resolution. Violation of such conditions and safeguards, when made a part of the terms under which the special exception is granted, shall be deemed a violation of this act, and at the discretion of the board of county commissioners, such special exception may be revoked. The board of zoning adjustment may prescribe a time limit within which the action for which this special exception is required shall be begun or completed, or both. Failure to begin or complete such action within the time limit shall void the special exception."
Article V of the Orange County Planning and Zoning Resolution enacted pursuant to 63-1716 provides in Section 3 that:
"The following uses may be permitted as a special exception provided that any review and hearing of an application for a special exception shall consider the character of the neighborhood in which the proposed use is to be located and its affect on the value of surrounding lands and further the area of the site as it relates particularly to the required open spaces and off-street parking facilities... .
......
2. Churches with their attendant educational buildings and recreational facilities."
*201 Appellees, plaintiffs-below, filed an amended complaint for injunction on September 26, 1974, seeking temporary and permanent injunctive relief against appellants who were attempting to construct a church building on property zoned R-1AA, according to Article V of the Orange County Planning and Zoning Resolution, owned by them in unincorporated Orange County and under the jurisdiction of appellees without obtaining a zoning or building permit from appellees in violation of Section 7 of Chapter 67-1828. The amended complaint alleged that Article V of the Orange County Planning and Zoning Resolution specifies the permitted uses to which such property may be put and such permitted uses do not include the construction of a church building without the owner of the property obtaining a special exception therefor and that no special exception was obtained.
By order dated September 27, 1974, the trial court temporarily enjoined appellants from constructing any building on the described property until further order of the court. Appellants filed an answer and counterclaim on October 16, 1974, alleging that they had obtained a special exception for construction of a church building by Order of the Circuit Court of Orange County but that said order is on appeal and alleging that Section 13(b)(4) of Chapter 63-1716, Laws of Florida, as amended by Chapter 71-795, Laws of Florida, were invalid and unconstitutional as applied by appellee because the statute throws the burden of proof on the appellant as the applicant to prove to said administrative bodies that the granting of a "special exemption" shall not adversely affect public interest and this conflicts with Article 1, Section 3, prohibiting the penalizing of free exercise of religion and violates the First Amendment to the United States Constitution. In the counterclaim, appellants alleged that they were suffering irreparable injury due to their failure to secure a "special exception" from the Board of County Commissioners of Orange County[1] in that they have no adequate or suitable place of worship. Accordingly, appellants prayed in their counterclaim that Chapter 63-1716 be declared unconstitutional and that the appellees be ordered to issue a building permit.
Trial was held and the lower court entered final judgment ordering that the temporary injunction remain in force until the defendants receive an exception to their zoning and a building permit is issued either by the County Commission or by final order of the court, dismissing the counterclaim, and declaring 63-1716 as amended by 71-795 to be constitutional.
We agree with the trial court and accordingly the judgment is affirmed. Cf. Miami Beach United Lutheran Church of the Epiphany, Inc. v. City of Miami Beach, 82 So.2d 880 (Fla. 1955); Walker et al. v. City of Tampa, 93 So.2d 862 (Fla. 1957).
It is so ordered.
ADKINS, C.J., BOYD, OVERTON, ENGLAND and SUNDBERG, JJ., and RUDD, Circuit Judge, concur.
NOTES
[1] In First Apostolic Church v. Board of County Commissioners of Orange County, #74-3412, First Apostolic filed application to the Orange County Board of Zoning Adjustment for a special exception in R-1AA (single family dwelling district) zone to construct a church. The application was brought pursuant to Section 13 of Chapter 63-1716, Laws of Florida, as amended by 71-795, the Orange County Planning and Zoning Act. The Orange County Board of Zoning Adjustment and the County Commission denied the request and found in accordance with the Act that the granting of the application would be adverse to the general public interest. Upon certiorari, the Circuit Court entered judgment ordering Orange County to grant the application for exception. However, on appeal, the District Court of Appeal, Fourth District, has reversed the Circuit Court and upheld Zoning Board.