374 So.2d 1055 (1979)
BoaARD OF COUNTY COMMISSIONERS OF DADE COUNTY, a Political Subdivision of the State of Florida, Harry Touby, Kathleen Touby, Bud H. Rice, Jack Cook and Ina Cook, Petitioners,
v.
FIRST FREE WILL BAPTIST CHURCH, Respondent.
Nos. 78-989, 78-1051.
District Court of Appeal of Florida, Third District.
August 14, 1979.
Rehearing Denied September 24, 1979.
*1056 Richard Touby, Miami, Stuart Simon, County Atty., and Robert A. Ginsburg, Asst. County Atty., for petitioners.
Gilbride & Heller, Miami, and Lewis Brown, for respondent.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Petitioners, respondents below, bring this appeal and petition for writ of certiorari from an order entered by the circuit court granting a petition for writ of certiorari, dated February 14, 1978, in favor of respondent herein, petitioner below, and an order, dated April 21, 1978, denying a rehearing of the matter. We will treat the appeal and petition as a petition for writ of certiorari, and grant the petition.
Respondent desired to build a church and related facilities in Dade County, Florida, in a district zoned AU (agricultural). Churches are a permitted use only in a district zoned RU-3 (four-unit apartment house district). Respondent made an application to the Zoning Appeals Board (ZAB) for a special exception to build a church, etc. After a hearing, the ZAB denied the application in Resolution No. 4-ZAB-287-77. Thereafter, respondent filed a petition of appeal from the decision of the ZAB to the Board of County Commissioners of Dade County (Board). After a hearing, the Board also voted to deny the application and adopted an appropriate resolution, i.e., Resolution No. Z-197-77. Subsequently, respondent filed a petition for writ of certiorari with the circuit court. The circuit court first entered an order granting the petition and thus entered an order denying petitioners' motion for rehearing. From these orders, petitioners brought the instant petition for writ of certiorari.
In entering its orders granting the petition for writ of certiorari and denying a rehearing, the circuit court impliedly and expressly found the petitioners had failed to carry their burden of demonstrating that the application by respondent should not have been granted. Our reading of Chapter 33, Code of Metropolitan Dade County, and in particular Section 33-311(d) thereof, indicates that to be entitled to a special exception the applicant (respondent herein) must establish the existence, etc., of the criteria set forth in Section 33-311(d). See Bd. of Cty. Com'rs of Metro. Dade Cty. v. Lowas, 348 So.2d 13 (Fla. 3d DCA 1977). Although the Lowas case involved an "unusual use" as compared with an "exceptional use" in this case, we believe that under Section 33-311(d) the burden of proof is the same for both "uses," i.e., on the applicant, rather than on the County, to establish the criteria, etc., set forth in the Section.
Accordingly, for the reasons set forth above, we believe that the circuit court departed from the essential requirements of the law by entering the order granting the petition for writ of certiorari and entering its order denying the petition for a rehearing; therefore, the instant petition for writ of certiorari is granted and the orders subject thereof are quashed, and Resolution Nos. 4-ZAB-287-77 and Z-197-77 are reinstated.
Granted.