## CITY OF BOCA RATON v FAITH BAPTIST CHURCH OF BOCA RATON, et al.

No. 78-4747 CA (L) 01 G

Fifteenth Judicial Circuit, Palm Beach County

February 25, 1980

M.A. Galbraith, Jr., City Attorney, and Robert A. Eisen, Asst. City Attorney, for plaintiff.

Jon J. Ferdinand for defendants.

THOMAS E. SHOLTS, Circuit Judge

This action was tried without jury on October 2, 1979. The Plaintiff is the City of Boca Raton (CITY), and the Defendants are Faith Baptist Church of Boca Raton, Inc. (FAITH BAPTIST), Woodlands Christian Academy (WOODLANDS), and Pastor Jerry Peterson (PETERSON). The Defendants shall be collectively referred to as the "CHURCH."

The controversy involves the failure of the CHURCH to obtain a conditional use approval from the CITY for the WOODLANDS' school use on a parcel of property located within the CITY on St. Andrews Boulevard. The parcel is more particularly described in paragraph 3(B) of the Amended Pretrial Stipulation and shall hereinafter be referred to as the "ST. ANDREWS SITE."

The parties submitted extensive post-trial briefs on the issues. The Court would like to compliment both counsels on the quality of their briefs.

The Court adopts as findings of facts those facts stipulated in the Amended Pretrial Stipulation. Based upon the testimony adduced at the trial and the documentary evidence submitted, introduced and admitted into evidence, the Court makes the following additional findings of facts:

1. The CITY regulates the use of land within its jurisdiction by the common combination of zoning district regulations and a comprehensive plan. The CITY is planned as and has developed primarily as a residential community, with some 70% of all the land within the CITY zoned

8

residential and, more specifically, 60% to 65% of all the land within the CITY zoned for single-family detached housing. The goal of the CITY'S comprehensive plan, adopted pursuant to the Local Government Comprehensive Planning Act of 1975, is to maintain the residential qualities of the CITY.

2. The R-1-D zoning district is one of nine single-family residential zoning districts within the CITY. The only permitted use in the single-family residential districts are single-family residences and certain accessory uses, such as garages, carports, swimming pools and tennis courts. Other uses which are usually found in single-family districts, such as churches, cemeteries, civic buildings and schools are permitted only through a conditional use approval. The conditional use approval procedure requires an application accompanied by a detailed site plan, review and recommendation by the CITY staff and the Planning and Zoning Board, and, finally, consideration by the City Council.

3. The enumerated conditional uses in Section 25-66.10(B), Code of Ordinances, are generally appropriate uses for residential districts, but a special review is necessary to insure that the use requested does not adversely impact upon the residential character of the neighborhood and that any possible adverse impact may be reduced by appropriate conditions. The typical potential, adverse impacts are:

A. Physical impact of the structure on the immediate area.

B. Spatial relationship of the structure to the surrounding residential uses.

C. Aesthetic factors.

D. Generation of traffic.

E. Generation of noise.

F. Provision of municipal services, including water, sewer, police and fire.

G. Hours of activity.

4. As a result of the three applications for conditional approval that were submitted for the ST. ANDREWS SITE and the two approvals that were granted (CA-75-5 and CA-78-7), as of the date of the last approval and continuing since then to the date of trial, the approved conditional uses for the ST. ANDREWS SITE were a church, a day care center and a Sunday school.

5. In November, 1978, and subsequently to the time of trial, the ST. ANDREWS SITE was being occupied and utilized by WOODLANDS as a school.

Based upon the findings of facts stipulated to by the parties and found by the Court, the Court makes the following conclusions of law:

1. WOODLANDS' use of the ST. ANDREWS SITE requires a conditional approval from the CITY, pursuant to Section 25-66.10(B)(4), Code of Ordinances. The prior approvals granted do not approve or authorize the WOODLANDS' school use.

2. The religious orientation of the WOODLANDS' use does not exempt that use from the requirement to obtain a conditional use approval from the City. *Miami Beach United Lutheran Church of the Epiphany v. City of Miami Beach,* 82 So.2d 880 (Fla. 1955); *Pylant v. Orange County,* 328 So.2d 199 (Fla. 1976), *Town v. State of Florida ex rel. Janet Reno,* 377 So.2d 648 (Fla. 1979).

3. The CHURCH should and ought to apply to the CITY for a conditional use approval for the WOODLANDS' use so that the local administrative process may hear and consider all the relevant factors, including the competing police power and religious interests. *Jewish Reconstructionist Synogogue of North Shore, Inc. v. Incorporated Village of Roslyn Harbor,* 38 N.Y.2d 283, 379 N.Y.S.2d 747, 342 N.E.2d 534 (1975); *Hillsboro Association etc. v. City of Temple Terrace,* 332 So.2d 610 (Fla. 1976).

Now therefore, it is hereby

ORDERED AND ADJUDGED:

1. The Defendants, FAITH BAPTIST, WOODLANDS and PETERSON, and any boards, officers or other agents or representatives of them, or any persons acting in concert with them, are hereby enjoined and restrained from operating that certain school known as Woodlands Christian Academy, or any other such or similar school, on the ST. ANDREWS SITE until further order of this Court.

2. The injunction set forth in paragraph 1 above shall not take effect for 30 days from the date of this order, and if during said 30-day period any of the Defendants apply to the CITY for a conditional use approval for the WOODLANDS' use, said injunction shall stand stayed until final action by the CITY on that request for conditional approval.

3. Within 10 days of final action by the City Council of the CITY on the request for conditional use approval described in paragraph 2 above, the CITY shall inform the Court of the final action, and either party may apply to the Court for further relief. Such further relief may be to enforce the terms of the approval or for relief from the terms of the approval.

4.   The Court shall retain jurisdiction of the parties and the subject matter for the purpose of providing such additional relief as may be necessary.