400 So.2d 1051 (1981)
Doris CONETTA, Appellant,
v.
CITY OF SARASOTA, Appellee.
No. 80-2176.
District Court of Appeal of Florida, Second District.
July 15, 1981.
Stanley Hendricks of Dent, Pflugner, Rosin & Haben, Sarasota, for appellant.
Robert M. Fournier of Hereford, Taylor & Steves, Sarasota, for appellee.
BOARDMAN, Judge.
Doris Conetta, petitioner in the circuit court, appeals the denial of her petition for certiorari to review a decision of the Sarasota City Commission denying her application for a special exception to build a guest house on her property. We reverse.
Appellant petitioned appellee City of Sarasota for a special exception allowing her to build a guest house on her property. Appellant also furnished the city with a letter stating that the guest house would not be rented, would be used by members of her family only, would not have any cooking *1052 facilities, would not have a separate utility meter, and would be built in accordance with all applicable city ordinances. This letter constituted a promise of compliance with each requirement of the ordinance for the issuance of a special exception.
On January 9, 1980, the city Planning Board met, heard attorney John Dent speak on behalf of appellant's request, and heard several persons speak against the granting of the requested special exception.
A decision was deferred until the January 23, 1980, meeting, at which time counsel for appellant and two of the people who had previously spoken against the special exception appeared. In addition, letters in opposition from several residents of the area were brought to the board's attention.
Many of those opposed to a special exception for appellant gave no reason for their objections. One of the major reasons for objection that was stated was that appellant's guest house would not conform to the rest of the area. This was because the structure was to be raised on stilts to twelve feet above ground level. This aspect of the design was not of appellant's own choosing, however; it was mandated by the flood plan zoning currently in effect. Moreover, there was at least one other parcel of property in the neighborhood that contained a raised structure. The other major objection involved the concern that despite appellant's assurances that she would not rent her guest house, she might later sell her property, and the new owner might rent the guest house. Both a member of the Planning Board and City Manager Thompson noted that the proscription against renting guest houses was difficult to enforce. However, at no time was there any question of appellant's good faith in regard to her promise not to rent her guest house.
The board ultimately recommended denial of the special exception, and the matter came before the City Commission on April 21, 1980. The City Commission denied the special exception on the basis of the Planning Board's recommendation. Appellant then filed a petition for certiorari with the circuit court, seeking review of the City Commission's decision. The circuit court denied the petition, and this appeal followed timely.
It is well settled that the courts will not interfere with administrative decisions of zoning authorities unless such decisions are arbitrary, discriminatory, or unreasonable. City of Naples v. Central Plaza of Naples, Inc., 303 So.2d 423 (Fla.2d DCA 1974). However, the only criteria upon which the Planning Board or the City Commission could rely in passing upon appellant's special exception request were those spelled out in the pertinent ordinance. North Bay Village v. Blackwell, 88 So.2d 524 (Fla. 1956); City of Naples v. Central Plaza of Naples, Inc., supra. They nevertheless decided the matter on the basis of the objections of several residents, none of which objections bears on any of the relevant criteria set forth in section 43-12(8)(f), the applicable section of the city zoning code.
Appellant complied with the terms of the ordinance. This being so, the Planning Board and the City Commission then had the burden of establishing that the use she proposed would adversely affect the public interest. Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla.4th DCA 1975). The court there noted:
There is a distinction between seeking rezoning and seeking a special exception; each involves somewhat different considerations. In rezoning, the burden is upon the applicant to clearly establish such right (as hereinabove indicated). In the case of a special exception, where the applicant has otherwise complied with those conditions set forth in the zoning code, the burden is upon the zoning authority to demonstrate by competent substantial evidence that the special exception is adverse to the public interest. Yokley on Zoning, vol. 2, p. 124. A special exception is a permitted use to which the applicant is entitled unless the zoning authority determines according to the standards in the zoning ordinance that *1053 such use would adversely affect the public interest.
Id. at 480.
In the instant case, neither the Planning Board nor the City Commission met their burden. Their decision appears to be based primarily on the sentiments of other residents of Siesta Key as to whether the special exception should be granted. It amounted to no more than a popularity poll of the neighborhood.
In City of Apopka v. Orange County, 299 So.2d 657, 659-660 (Fla.4th DCA 1974), the court quoted with approval from 3 Anderson, American Law of Zoning, § 15.27 as follows:
"The objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of a permit. The quasi-judicial function of a board of adjustment must be exercised on the basis of the facts adduced; numerous objections by adjoining landowners may not properly be given even a cumulative effect. While the facts disclosed by objecting neighbors should be considered, the courts have said that:
`A mere poll of the neighboring landowners does not serve to assist the board in determining whether the exception applied for is consistent with the public convenience or welfare or whether it will tend to devaluate the neighboring property.'"
The denial of the special exception was based solely on (a) its unpopularity with some Siesta Key residents and (b) the conjecture that a grantee of appellant might thereafter violate the ordinance coupled with the recognition that the proscription against renting guest houses is difficult to enforce. As to the enforcement problem, the remedy would simply be to amend the ordinance to exclude special exceptions for guest houses, as City Manager Thompson recommended to the commission at the hearing.
Lastly, the city urges that the special exception should be denied because the structure would not be compatible and in harmony with the neighborhood. This contention is without merit because under the present zoning ordinance any new buildings constructed in the area would be required to be erected twelve feet above ground level.
There being no proper basis for the City Commission's denial of the special exception requested by appellant, we REVERSE the circuit court's denial of appellant's petition for writ of certiorari and REMAND with directions to grant the writ.
HOBSON, Acting C.J., and GRIMES, J., concur.