466 So.2d 357 (1985)
Stephen B. IRVINE, Petitioner,
v.
DUVAL COUNTY PLANNING Commission and the City of Jacksonville, Respondents.
No. AX-455.
District Court of Appeal of Florida, First District.
March 12, 1985.
Rehearing Denied April 30, 1985.
*358 Barry A. Bobek, Jacksonville, for petitioner.
Thomas E. Crowder and Stephen A. Hould, Jacksonville, for respondents.
SMITH, Judge.
By petition for certiorari in this case, Irvine seeks review of a circuit court order denying certiorari, and thereby refusing to order the Planning Commission to grant a zoning exception to Irvine.[1] The circuit court correctly determined that it had jurisdiction to review the action of the Planning Commission by common law certiorari. Our review convinces us that petitioner has failed to demonstrate that the circuit court's denial of relief constituted a departure from the essential requirements of law. We therefore deny the writ of certiorari and approve the circuit court's ruling.
The petitioner, Irvine, as agent of the owner, joined by the owner of the premises *359 located at 3636-3638 Park Street, in the City of Jacksonville, petitioned for a zoning exception to operate a business including the sale of beer and wine for consumption on the premises. The property in question is zoned, under Section 708.311, Zoning Regulations of the City of Jacksonville, as "Commercial, Neighborhood," or "CN." The ordinance provides, under "Permissible uses by exception," for the operation of an establishment or facility including the retail sale or service of beer or wine for consumption on the premises. The application also requested that the exception be transferable and run with title to the premises.
The Planning Department forwarded to the Planning Commission its favorable recommendation, including the comment that the granting of the proposed use would be compatible with the existing land use pattern in the area, and noting that four applications for the same purpose had been granted in the past, in the years 1977, 1980 and 1981. After a public hearing, the Planning Commission denied the request, stating in its written order its findings that the applicant had "failed to sustain the burden of showing that the granting of the exception would promote the public health, safety, welfare, morals, or, comfort, convenience, appearance, prosperity or general welfare of the neighborhood," and further, that the proposed use "would not be compatible with other uses existing in the District."
So far as we can determine from the showing made here, the circuit court was provided only with the written application; two pages of the zoning ordinance, containing Section 708.311; the Planning Department's recommendation; the Planning Commission's written order of denial; and the copy of the Commission minutes. No other record or transcript of the proceedings has been presented.[2] The Commission's minutes state only that petitioner Irvine spoke in favor of the request, stating that there had been a bar and sandwich shop in that location for 40 years; that the chairman stated that he had had telephone calls from neighbors in opposition; and that the seven-member commission voted unanimously to deny the request.
Petitioner urges here that the Commission's decision was unsupported by any competent evidence whatsoever, and further, that it is apparent on the face of the Commission's order itself that the Commission misplaced the burden of proof in the proceedings before it. In connection with his absence of competent evidence argument, petitioner alleges that he demonstrated in the trial court that no evidence in opposition to his application was presented at the hearing, and that he further urged the impropriety of the chairman's remarks concerning telephone calls in opposition, citing City of Apopka v. Orange County, 299 So.2d 657 (Fla. 3d DCA 1974), and Conetta v. City of Sarasota, 400 So.2d 1051 (Fla. 2d DCA 1981).
We hold that petitioner has failed to establish to our satisfaction that the trial court, in denying relief, departed from the essential requirements of law. Petitioner's allegations with respect to the absence of evidence and the improper allocation of the burden of proof by the Planning Commission are unsupported by reference to any provision of the zoning ordinance, or any other rule or regulation concerning the procedure to be followed at the public hearing on requests for a permissible exception. The record is devoid of any reference to provisions governing the allocation of the burden of proof at such proceedings. Instead, petitioner relies totally upon language found in the case of Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478, 480 (Fla. 4th DCA 1975), in which the court, in explaining the distinction between a proceeding seeking "rezoning," and one seeking a "special exception," said the following:

*360 In rezoning, the burden is upon the applicant to clearly establish such right (as hereinabove indicated). In the case of a special exception, where the applicant has otherwise complied with those conditions set forth in the zoning code, the burden is upon the zoning authority to demonstrate by competent substantial evidence that the special exception is adverse to the public interest. Yokley on Zoning, Vol. 2, p. 124. A special exception is a permitted use to which the applicant is entitled unless the zoning authority determines according to the standards in the zoning ordinance that such use would adversely affect the public interest. Berlant v. Zoning Hearing Bd. of Lower Merion Tp., 1971, 2 Pa.Cmwlth. 583, 279 A.2d 400. See also Turner v. Hammond, 1973, 270 Md. 41, 310 A.2d 543.
As a general statement of the distinction between zoning and a special exception, we take no issue with the foregoing explanation.[3] It is obvious, however, that the language of Rural New Town, supra, above quoted, is not intended as a rule of law of general application. Examination of the zoning law treatise cited in Rural New Town indicates that the courts have adopted divergent views on the matter of the burden of proof in requests for special exceptions, and it is apparent that pertinent provisions of the particular zoning ordinance, or other applicable ordinance or statutory provisions may cast the burden of proof upon either the applicant, or the board or commission. 2 Yokley, Zoning Law and Practice (Third Edition), § 15-1, pages 124, 125.[4] As previously noted by this court, the general rule is that the burden of proof, apart from statute, is upon the party asserting the affirmative of an issue before an administrative tribunal. Florida Department of Transportation v. J.W.C. Company, Inc., 396 So.2d 778, 788 (Fla. 1st DCA 1981).
Contrary to the position petitioner asks us to assume, there is substantial authority that the burden of proof in special exception proceedings is upon the applicant.
An applicant for an exception must sustain the burden of proving that his proposed use is reasonably necessary for the convenience and welfare of the public. An applicant for an exception from the terms of a zoning ordinance must carry the burden of establishing that the granting of the exception will not conflict with the public interest and must show additionally that he would sustain an unnecessary hardship if the exception were not granted... .
2 Yokley, Zoning Law and Practice (Third Edition), § 15-1, pp. 124, 125.
*361 Furthermore, we find Florida cases illustrating the view that the burden of proof may indeed be placed upon the applicant for the exception. Pylant v. Orange County, 328 So.2d 199 (Fla. 1976); Board of County Commissioners v. First Free Will Baptist Church, 374 So.2d 1055 (Fla. 3d DCA 1979). Therefore, in the absence of a showing that the Commission acted contrary to the requirements of the zoning ordinance by which the proceedings were governed, it cannot be determined that the Commission, by placing the burden upon the petitioner to demonstrate that the exception would "promote the public health, safety, welfare ..." (etc., see order quoted above), departed from the essential requirements of law.
We also find no basis for relief in petitioner's assertions that his statements before the Commission, which apparently were unopposed, afford a basis upon which it can be determined, as a matter of law, that the Commission unlawfully denied his request. As noted above, the only record of the "evidence" presented by petitioner at the hearing is the recitation found in the Commission's minutes that Mr. Irvine "spoke in favor of the request," and "[H]e stated that there has been a bar and sandwich shop there for 40 years." As also noted above, the application filed by petitioner stated that an exception had been granted for the year 1981, and the Planning Department's recommendation noted that applications for exceptions had been granted in three other prior years. The net effect of this "evidence," is that a similar business had been operated on the premises previously, and that the petitioner desired to operate such a business again.
Petitioner has cited no particular zoning ordinance provisions or general law supporting his thesis that the evidence before the Commission satisfied the test of sufficiency so as to require the granting of his request by the Commission. Again turning to Yokley's treatise on zoning law, we find the following:
In the matter of granting exceptions it must be remembered that there must be a statutory authorization and that the same care should be exercised by the Board as when granting a variance. The Board must find as a fact that the exception will subserve the public welfare and not the needs of some private individual. The scheme of any ordinance authorizing exceptions requires two different kinds of findings by the Board: First, as to the interests of the general public, and second, as to the interest of a particular neighborhood. Where these two elements are lacking, an exception may not properly be granted.
Volume 2, Yokley, Zoning Law and Practice (Third Edition), § 15-1, pp. 123, 124. It is obvious that the reasons advanced by the petitioner touch upon matters personal to the petitioner only, and do not relate in any manner to the interests of the general public, nor to the particular neighborhood. See generally, 82 Am.Jur.2d, Zoning and Planning, § 285. That an exception for the operation of a similar business at that location had been granted on several occasions in the past would be a circumstance to be considered by the Commission, but on the limited record made by the petitioner both before the Commission and the trial court, we cannot say that the Commission's denial of yet another special exception constituted an abuse of its discretion such as to mandate the granting of petitioner's request.
Finally, we are not persuaded that the mere disclosure by the Chairman of the Commission that he received telephone calls opposing the application is such a departure from permissible procedure as to invalidate the Commission's action in denying the exception. Of course, we are in agreement with case law holding that such ex parte communications cannot control the action of an administrative body. City of Apopka, supra; Conetta, supra; see also 82 Am.Jur.2d, Zoning and Planning, § 265. Rather than signifying any impropriety on the part of the chairman, his announcement that he had received telephone calls outside the meeting was entirely consistent with his obligation to make *362 this fact known and to make such disclosure a part of the record of the proceeding. See, generally, 82 Am.Jur.2d, Zoning and Planning, § 316.
Since petitioner has not demonstrated here that the circuit court departed from the essential requirements of law, the petition for certiorari must be, and is hereby,
DENIED.
JOANOS, J., concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge, dissenting.
I must respectfully dissent. My review of the applicable law and the record convinces me that the court and the Duval County Planning Commission have so departed from the essential requirements of the law as to deprive the petitioner of his constitutional right to due process.
The essential facts do not appear to be in dispute. On May 12, 1983, petitioner Stephen Irvine filed an application to obtain a "permissible use by exception" pursuant to section 708.311 of the zoning regulations of the city of Jacksonville to allow the sale of beer and wine for consumption on premises. The property was zoned "Commercial, Neighborhood-CN" pursuant to the cited section, and petitioner's application showed that the requested exception had been permitted to the prior operator of the business by a zoning exception granted on May 28, 1981. Petitioner's application was duly processed by the Planning Department of the City of Jacksonville, which forwarded its comments and recommendations to the Planning Commission. The department's report noted that the application related to beer and wine consumption on premises in a facility having fifty-five seats and two employees and that the exception was sought to be transferable with the title to the premises. The report recommended approval of the requested zoning exception because "the proposed use (on premise consumption of beer and wine) at this location would be compatible with the existing land use pattern in the area" and because four prior applications for a similar zoning exception "have been approved on the subject property" in 1973, 1977, 1980, and 1981.
On June 16, 1983, the Planning Commission held a duly noticed public hearing to consider petitioner's application, together with a number of other matters on its agenda. Petitioner appeared in person and spoke on behalf of the requested use, pointing out that a bar and sandwich shop had been operated at this location for over forty years. No one else appeared before the commission to speak in opposition to the application. The chairman of the commission stated that he had received telephone calls from an unspecified number of neighbors in opposition to granting the exemption, but he did not state any details of those objections. The city zoning regulations require that the agency make a record of the proceedings of "sufficient degree to disclose the factual basis for its final determination with respect to such requests and appeals." § 704.104(d), Jacksonville Municipal Code, "Procedures for Hearing Zoning Exceptions, Zoning Variances and Appeals."[1] Although a tape recording was made of the proceedings before the commission,[2] the commission prepared minutes of the meeting which recited only that:
Mr. Stephen Irvine, 3000 Coronet Lane, spoke in favor of request. He stated that there has been a bar and sandwich shop there for forty years. The chairman stated that he had had telephone *363 calls from neighbors in opposition. The commission voted 7 to 0 to deny.
Thereafter, the board entered a formal written order denying the application, in which it described the nature of the exception applied for, that the Planning Department had considered the application and rendered an advisory opinion thereon, and concluded:
[A]fter considering the facts as determined by the Commission in its investigation of the application and the facts as presented at the public hearing, this Commission makes the following findings:
1. Applicant failed to sustain the burden of showing that the granting of the exception would promote the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity or general welfare of the neighborhood.
2. Proposed use would not be compatible with other uses existing in District.
(emphasis added.) Neither the record nor the order refers to any other evidence of the facts said to have been determined from the commission's investigation.
Petitioner sought review of this order by petition for writ of certiorari filed in the Circuit Court of Duval County. That court denied petitioner any relief, reciting only that it does not appear that the Planning Commission departed from the essential requirements of law.
The petition for certiorari filed in this court complains that the commission's decision is wholly unsupported by any competent substantial evidence, was not entered in accordance with due process, and erroneously placed the burden of proof on the applicant to establish that the requested exemption would promote the public welfare, etc., as recited in the order. Petitioner contends that for these reasons the circuit court departed from the essential requirements of the law in not quashing the commission's order.
Section 708.311 of the Jacksonville Zoning Regulations declares that the zoning classification of Commercial, Neighborhood-CN
is intended to provide a suitable area for the day-to-day shopping needs of the residential neighborhood in which it is located. Service stations, vehicle repair and sales, and similar automotive-oriented activities are prohibited. The district is not intended for use by major commercial or service establishments. Orientation to and service of the neighborhood shall be the principal factor in establishing such district.

(emphasis added.) This section further states that certain "permitted uses and structures" include "(1) Retail outlets for sale of food and drugs," including "delicatessen"; "(2) [s]ervice establishment such as ... restaurant (but not drive-in restaurant)"; and "(7) [a]n establishment or facility which includes the retail sale of beer or wine in sealed containers only for off-premises consumption." Section 708.311 then defines "permissible uses by exception" to include:
(1) Antique shop.
(2) Child care centers as provided in section 708.401.
(3) An establishment or facility which includes the retail sale or service of beer or wine for consumption on premises.
(4) Theater (but not open-air theater).
(5) Bookstores and newsstands.
It is readily apparent, therefore, that the criteria specified for business use of property in a CN classification requires that it provide for the day-to-day shopping needs of the residential neighborhood (so long as it is not a major service establishment) and that the principal factor in respect to both permitted uses and "permissible uses by exception" is "orientation to and service of the neighborhood."
The majority disposes of this case on the simple ground that petitioner has failed to provide an adequate record and, thus, has failed to carry his burden of demonstrating that the circuit court departed from the essential requirements of law. I agree with the majority that as a general rule the *364 burden of proof, if not set by statutory provision, is upon the party asserting the affirmative of an issue before an administrative tribunal. Florida Dept. of Transportation v. J.W.C. Co., Inc., 396 So.2d 778, 788 (Fla. 1st DCA 1981). Neither the Planning Commission nor the petitioner refers to any provision of the Jacksonville Zoning Regulations that purport to allocate the burden of proof on applications for "permissible uses by exception," and presumably there are no such provisions. Petitioner had the burden before the commission of showing that his application met the requirements of the statutory criteria for granting such exceptions. Board of County Commissioners v. First Free Will Baptist Church, 374 So.2d 1055 (Fla. 3d DCA 1979). See also Pylant v. Orange County, 328 So.2d 199 (Fla. 1976).[3] The standards and criteria set forth in the Jacksonville ordinance have been discussed above. Once the petitioner demonstrated that his application met these standards and criteria, the burden was upon the Planning Commission to demonstrate, by competent substantial evidence presented at the hearing and made a part of the record, that the exception requested by petitioner did not meet such standards and was, in fact, adverse to the public interest. Conetta v. City of Sarasota, 400 So.2d 1051 (Fla. 2d DCA 1981). This allocation of the burden of proof is made quite clear in the decision of Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975), in which the court explained the distinction between proceedings seeking rezoning or variance from a zoning classification and proceedings to obtain a permissible use by special exception specified in the zoning ordinance:
In rezoning, the burden is upon the applicant to clearly establish such right (as hereinabove indicated). In the case of a special exception, where the applicant has otherwise complied with those conditions set forth in the zoning code, the burden is upon the zoning authority to demonstrate by competent substantial evidence that the special exception is adverse to the public interest. Yokley on Zoning, vol. 2, p. 124. A special exception is a permitted use to which the applicant is entitled unless the zoning authority determines according to the standards in the zoning ordinance that such use would adversely affect the public interest. Berlant v. Zoning Hearing Bd. of Lower Merion Tp., 1971, 2 Pa.Cmwlth. 583, 279 A.2d 400. See also Turner v. Hammond, 1973, 270 Md. 41, 310 A.2d 543.
Id. at 480 (emphasis added). A leading treatise on the subject of zoning has further clarified the difference between a permitted use by a special exception and a variance and the different burden of proof in respect to each:
The special exception technique is considered to be a usual, necessary and indeed an approved facet of zoning law and administration.
In emphasizing the importance of the special exception technique as a useful and necessary adjunct of a comprehensive zoning plan, we feel that Judge McWilliams of the Maryland Court of Appeals, using one of his own favorite expressions, "had it just about right" when he made the following comment in a 1973 reversal of a denial of a special exception for multiple garden apartments in a Residential B district in which a highly diversified class of uses was allowed:
"Occasionally the bar and less often the bench lose sight of the concept that the conditional use or special exception, as it is generally called, is a part of the comprehensive zoning plan sharing the presumption that as such it is in the interest of the general welfare and, therefore, valid... . The special exception is a valid zoning mechanism that delegates to an administrative board a limited authority to permit enumerated uses the legislature has determined can be allowed, properly albeit prima *365 facie, absent any fact or circumstance negating the presumption."

* * * * * *
An applicant for a special exception must show that the requested exception can be granted without substantial detriment to the public good and that it will not substantially impair the intent and purpose of the zoning plan and ordinance. Since the exception bears legislative sanction, however, the burden of the applicant is much lighter than it would be if he sought a use variance.

Yokley, 3 Zoning Law and Practice, § 20-1, pp. 212-213, 219-220 (4th ed. 1979). (emphasis supplied.) (footnotes omitted.)
The record reflects that the petitioner undertook to carry this burden by personally testifying at the hearing. There has been a bar and sandwich shop in that location for forty years, and he explained the nature of the business he planned to operate in that location.[4] It was to be an establishment modest in size, having two employees and seating fifty-five persons. The petitioner further relied upon the comments and recommendation of the Planning Department that the proposed use (on-premises consumption of beer and wine) at this location be approved because it would be compatible with the existing land use pattern in the area and that at least four prior applications for a similar zoning exception had been granted in the preceding ten years. This showing was certainly adequate to make a prima facie case for granting the exception under the rules cited above. The requested use was not a major service establishment. A similar use had been approved in the neighborhood for several years, and it met the principal criteria of "orientation to and service of the neighborhood." Since the zoning regulations expressly contemplated the sale of beer and wine, whether for consumption on or off the premises, as a permissible use, that fact alone could not be treated by the Planning Commission as contrary to the public interest. Once petitioner had demonstrated by this presentation that the request satisfied the standards of the ordinance, it became the obligation of the commission to receive and consider evidence of specific facts in opposition to the application. Yet the commission received none, recited no detailed facts in its order, and denied the application solely on the basis that the applicant had "failed to sustain the burden of showing that the granting of the exception would promote the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity or general welfare of the neighborhood" and that the "proposed use would not be compatible with other uses existing in District."
It seems abundantly clear to me that the Planning Commission and the circuit court departed from the essential requirements of law in that the record before the circuit court affirmatively showed that the Planning Commission order failed to make any detailed findings of fact explaining its denial of the application, the commission failed to include in the record of its proceedings competent evidence sufficient to support its denial of the application, and the commission's attempted justification of its denial by merely reciting that petitioner had failed to carry his burden of proof is not in accord with the applicable rule of law.
All administrative agency orders must contain detailed findings of fact that are legally sufficient to support the decision ordered:
It has been repeatedly held by the courts of this state that in order to assure due process and equal protection of the laws, every final order entered by an administrative agency in the exercise of its quasi-judicial functions must contain specific findings of fact upon which its ultimate action is taken. An administrative order which fails to contain such findings is ineffectual as a predicate for the order sought to be enforced.
*366 Gentry v. Dept. of Professional & Occupational Regulations, State Board of Medical Examiners, 283 So.2d 386, 387 (Fla. 1st DCA 1973). Accord, e.g., Hickey v. Wells, 91 So.2d 206 (Fla. 1957); Laney v. Holbrook, 8 So.2d 465, 467 (Fla. 1942); Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977); Edwards v. Division of Beverage, Board of Business Regulations, 278 So.2d 659 (Fla. 1st DCA 1973); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (Fla. 1st DCA 1975); Ford v. Bay County School Board, 246 So.2d 119 (Fla. 1st DCA 1970); Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla. 1st DCA 1970); Polar Ice Cream & Creamery Co. v. Andrews, 150 So.2d 504 (Fla. 1st DCA 1963). Regardless of which party bears the burden of proof, an agency's failure to make adequate findings of fact in its order constitutes a departure from the essential requirements of law. E.g., Higgs v. Property Appraisal Adjustment Board of Monroe County, 411 So.2d 307 (Fla. 3d DCA 1982). An agency "should establish and announce findings of fact which will provide a basis for rationally inferring the conclusion which the statute requires." Hickey v. Wells, 91 So.2d at 210.
To meet due process requirements, it is necessary that the agency set out detailed facts found from the evidence so that a court authorized to review the matter on certiorari can first determine whether or not the facts found by the agency constitute lawful grounds for its action and, then, determine whether the evidence supports the finding  "Without [detailed findings], the reviewing court would be compelled to grope in the dark and to resort to guess-work as to what facts the Board had found to be true and what facts alleged were not found to be true." Laney v. Holbrook, 8 So.2d at 468; Hickey v. Wells, 91 So.2d at 210; Powell v. Board of Public Instruction of Levy County, 229 So.2d at 311-312. It is not sufficient that the cited findings merely be general conclusions in the language of the statute or ordinance because such conclusions provide no way for the court to know on judicial review whether the conclusions have sufficient foundation in findings of fact. E.g., City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974); McCulley Ford, Inc. v. Calvin, 308 So.2d 189; Lynch-Davidson Motors, Inc. v. Calvin, 308 So.2d 197 (Fla. 1st DCA 1975); Bill Kelley Chevrolet, Inc. v. Calvin, 308 So.2d 199 (Fla. 1st DCA 1974). Furthermore, requiring detailed findings of fact is manifestly helpful in assuring that administrative decisions are not the result of improper considerations.[5]
The foregoing essential requirements of due process are now specifically required by chapter 120 and other provisions of Florida Statutes applicable in administrative proceedings. If it did not, the Jacksonville zoning ordinance should have included such requirements. Even though no statutory or ordinance provision specifically directed the Planning Commission to comply with these well-established rules of administrative law, these rules have their origin in constitutional due process concepts and set the minimum requirements of law applicable to the commission's action in this case. Its failure to apply and faithfully adhere to these administrative principles constituted a departure from the essential requirements of law.
Moreover, to insure proper judicial review, an adequate record of the evidence relied on by the agency must be made by the agency and must support the order entered by the agency. As the Supreme *367 Court stated in McRae v. Robbins, 9 So.2d 284, 291 (Fla. 1942):
The evidence adduced at hearings in fixing rates and hours of service must be taken down and made a part of the record of the administrative proceedings, and specific findings based on such evidence must be made and entered in the record as a necessary predicate for the order made, so that such order together with the evidence and the findings thereon may be reviewed in appropriate judicial procedure. Such administrative orders made without a record of the evidence adduced in support thereof are without legal effect, since it is the evidence adduced and the findings made thereon, and not merely the unsupported orders made, which show the validity or invalidity of the administrative orders made under delegated administrative authority for a governmental purpose.

(emphasis added.)
An administrative agency that is required to make a determination upon or after a hearing, in the exercise of a quasi-judicial function, cannot act solely on its own information and cannot base its conclusion on secret, concealed, or undisclosed knowledge or information in its file. Thorn v. Florida Real Estate Commission, 146 So.2d 907 (Fla. 2d DCA 1962); Peoples Bank of Indian River County v. State Dept. of Banking & Finance, 378 So.2d 328, 329 (Fla. 1st DCA 1980), aff'd, 395 So.2d 521 (Fla. 1981); Manatee County v. Florida Public Employees Relations Commission, 387 So.2d 446, 449 (Fla. 1st DCA 1980). As stated in Thorn:
Administrative officers, boards or commissions who are required to make a determination upon or after a hearing, in the exercise of a judicial or quasi-judicial function, cannot act on their own information. All parties to such a hearing must be fully apprised of the evidence submitted or to be considered, and nothing can be treated as evidence which is not introduced as such, for there is no hearing where a party cannot know what evidence is offered or considered and is not given an opportunity to test, explain or refute. It is improper for such an officer, agency or commission to base its decision or findings upon facts gathered from its own records without introducing the records into evidence.
146 So.2d at 910. It is likewise well established that
an administrative body, no matter how broad its discretion, must show, when its orders are properly challenged in the courts, that its conclusions are based upon record evidence and do not rest solely upon confidential information of which the applicant is not apprised and as to which the administrative body gives such credence as to permit it to override a complete denial of derogatory implications by an applicant when he is questioned.
Coleman v. Watts, 81 So.2d 650, 652-53 (Fla. 1955).
While the foregoing authorities all relate to various proceedings other than zoning, the principles have been held equally applicable to an application for a special exception to a zoning classification. City of Apopka v. Orange County, 299 So.2d 657. In that case, the court found that the mere conclusion that to grant the application "would be adverse to the general public interest" was wholly insufficient. In addition, the court concluded that, since the board had considered objections of a large number of residents in the affected neighborhood without making specific detailed findings of the factual basis of such objections, its order was legally insufficient for that reason also. The order was quashed and the case remanded for another de novo hearing on the application for special exception.
Applying the foregoing principles to this case, it is clear that the Planning Commission and the court below departed from these essential requirements of law in several particulars.
First, the commission failed to make an adequate record for purposes of judicial review. The burden is not on the applicant *368 to make the record of public proceedings before the commission. The commission had the responsibility to make a record of "sufficient degree to disclose the factual basis for its final determination with respect to such requests and appeals." § 704.104(d), Jacksonville Municipal Code (supra, p. 2). To meet this statutory obligation, the commission was required to have "the evidence adduced" at the hearing "taken down and made a part of the record of the administrative proceedings" and specific findings based on such evidence "entered in the record as a necessary predicate for the order made." McRae v. Robbins, 9 So.2d at 291. The commission failed to do so and now erroneously attempts to justify its action, as well as the circuit court decision, solely on the basis that petitioner failed to meet his burden of providing an adequate record.
Second, the Planning Commission decision was improperly based on matters not of record without affording the petitioner the opportunity to respond to such matters. This is made evident by the commission's recitation in its order that the decision was based in part upon "the facts as determined by the Commission in its investigation." The facts so considered were not disclosed to petitioner at the public hearing and are not disclosed to the court by the record, the minutes, or the order itself. Due process requires that the petitioner be informed of the facts upon which the commission based its conclusion that the "proposed use would not be compatible with other uses existing in District" and that the proposed use fails to promote the public interest, welfare, morals, etc. Since the commission decision is directly contrary to the recommendations of the Planning Department, there should have been some facts of record to justify the contrary decision. To avoid making the tape recording of the hearing a part of the record in the circuit court, the commission stipulated that no one appeared and testified at the hearing in opposition to granting the exception. In so doing, the commission effectively stipulated that there was no record evidence supporting any ground for denying the exception and going against the department's recommendations. The minutes recite that the chairman had received several telephone calls in opposition, but the facts and details of those calls were not disclosed on the record and could not properly be considered by the commission. City of Apopka v. Orange County, 299 So.2d 657.
Third, the record did not set forth any detailed findings of fact to support the conclusions recited as the grounds for denying the exception. Without sufficient findings in the order, it was impossible for the circuit court to provide the judicial review required under the principles of administrative due process discussed above.
Fourth, the order shows on its face that it was not predicated on the criteria set forth in the ordinance. The order fails to state that the petitioner's requested use of the property would not provide for the "day-to-day shopping needs" of the residential neighborhood or that it constituted a "major service establishment" or that it lacked "orientation to and service of the neighborhood." The commission has not cited the court below or this court to any provision of the ordinance setting forth the requirement that an application for "permitted uses by exception" must show that "the granting of the exception would promote the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity or general welfare of the neighborhood." In determining whether to grant the exception, the commission was required to base its decision on the specific standards and criteria set forth in the zoning regulations; it was reversible error to base the decision on other grounds. Conetta v. City of Sarasota, 400 So.2d 1051 (Fla. 2d DCA 1981); City of Naples v. Central Plaza of Naples, Inc., 303 So.2d 423 (Fla. 2d DCA 1974). The conclusions recited in the order were not limited to the criteria specified in the ordinance.
The majority decision is based in substantial part on a misreading of the decision in Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975), *369 and reaches a holding that is contrary to that case by placing the burden on the petitioner as the applicant for a "permissible use by special exception" to prove his case the same as if he were applying for rezoning or variance from a zoning classification or restriction. The court in Rural New Town gave effect to the substantial differences between these two concepts of zoning law by placing on the zoning authority the burden of showing that an application for permissible uses by exception is adverse to the public interest. In my view, not only has the majority opinion declined to follow Rural New Town, its decision is in direct conflict with that case.
Moreover, the majority's refusal to require the Planning Commission to make a record of evidence sufficient to support the commission's findings and conclusions, and the majority's refusal to hold that the circuit court below departed from the essential requirement of law by not enforcing that well-established rule of administrative law, constitute tacit, if not express, approval of an administrative procedure which enables a zoning authority to adjudicate zoning applications arbitrarily, without evidence of record to support their decision, and entirely free from public scrutiny or effective judicial review of their decision. As a result, the commission has successfully denied the permissible use without any factual explanation for its decision, even though its decision is contrary to the recommendation of the Planning Department, on the bare conclusion that petitioner failed to carry his burden of proof. The commission has now successfully defended that unexplained decision in two courts of this state on the argument that petitioner failed to carry his burden of showing that the decision is contrary to law, without ever being called upon to explain its decision. This result is manifestly contrary to fundamental rules of administrative law formulated to comply with constitutional concepts of due process and equal protection, which are intended to make such public agencies publically accountable for their decisions.
For the foregoing reasons, I would grant the petition for certiorari, quash the Planning Commission's order, and direct that the commission hold a hearing de novo on the petitioner's application in accordance with this opinion. City of Apopka v. Orange County, supra.
NOTES
[1] By proceeding in this court via petition for certiorari, rather than appeal, petitioner has conformed to the directive of the Florida Supreme Court in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Appellee, on the other hand, suggests in its response that review should properly be by appeal, citing County of Volusia v. Transamerica Business Corporation, 392 So.2d 585 (Fla. 5th DCA 1980). We note that the Fifth District, in view of the Vaillant decision, no longer adheres to the position it took in Transamerica and other cases indicating that plenary appeal would be the appropriate vehicle for district court review of circuit court decisions in common law certiorari proceedings reviewing quasi-judicial administrative action. See, Stansberry v. City of Lake Helen, 425 So.2d 1157 (Fla. 5th DCA 1983), p. 1158, n. 1. We are of the view that arguments favoring the remedy of appeal might still have validity, since language of the Vaillant opinion seems to limit its application to District Court review of circuit court orders entered in proceedings in which a party is entitled "as a matter of right" to seek review of administrative action in the circuit court. Vaillant, supra, 419 So.2d at 626. See also, Bennett, Bishop, Herron & Holmes v. Board of County Commissioners of Sarasota County, 426 So.2d 1260 (Fla. 2d DCA 1983). We conclude, however, that our resolution of this case would not be any different upon review by appeal, since we are of the opinion that the scope of our review by appeal from a denial of common law certiorari would be to determine whether the trial court acted within its jurisdiction, and whether the court departed from the essential requirements of law. Cf., Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981).
[2] No contention is made here that the trial court was requested, and refused, to take judicial notice of other ordinance provisions pursuant to Section 90.202, Florida Evidence Code, Florida Statutes (1983).
[3] It should be noted that the term "special exception," now has a statutory definition, Section 163.170(6), Florida Statutes (1983). However, it is undisputed in this proceeding that Chapter 163 has not been adopted by the respondent municipality, which action is a prerequisite to application of Chapter 163. We note also the general requirement that an ordinance granting the power to make zoning exceptions must contain proper standards or rules of guidance in order to be valid. City of St. Petersburg v. Schweitzer, 297 So.2d 74 (Fla. 2d DCA 1974); Mayflower Property, Inc. v. City of Fort Lauderdale, 137 So.2d 849 (Fla. 2d DCA 1962). Section 163.170(6) of the statutes incorporates this rule by providing that uses may be permitted as special exceptions "only if specific provisions and standards for such special exceptions are made in the zoning ordinance." The portions of the zoning ordinance referred to in the petition filed in the trial court do not contain any conditions or standards to be followed by the Commission in the granting or denying of permissible uses by exception, and petitioner has failed to demonstrate that such provisions, if any, were made a part of the record before the trial court.
[4] The Rural New Town court possibly relied upon the following portion of the text found in Yokley, Volume 2, at p. 124:

When the requisite facts and conditions detailed in an ordinance are found to exist, the applicant therefore will be entitled to a special exception unless there is legally competent evidence to support a finding that the granting of such exception is adverse to the public interest. Thus, where an ordinance authorizes the granting of an exception as a matter of right, upon a showing of compliance with the safeguards enumerated therein, the only function of the board with respect to exceptions is to decide if the conditions exist which make the case an appropriate one.
[1] Although the record does not contain a copy of this particular provision of the zoning code, a statement of its provisions is set forth in the petition for certiorari and petitioner's reply, and respondents have not disputed the accuracy of this statement.
[2] The petitioner sought to have the secretary to the commission produce the original tape recording to supplement the record at the hearing on the petition for writ of certiorari in the circuit court, but this was objected to by the city. To resolve the matter, the city stipulated that no testimony was presented in opposition to the requested exception.
[3] Neither of these cases stands for the principle that the petitioner had the burden of proving each of the criteria recited in the commission's order.
[4] As previously stated, the tape recording of the hearing was not made part of the record at the insistence of the respondents.
[5] In Higgs v. Property Appraisal Adjustment Board of Monroe County, 411 So.2d 307 at 309 (1982), the court aptly quoted from this court's decision in McDonald v. Dept. of Banking & Finance, 346 So.2d 569, 583, n. 12 (Fla. 1st DCA 1977), as follows:

"The exposure of an official's decisional referents to the critical scrutiny of others may disclose the inadequacy of those referents and create pressures to bring about their change. This type of constraint upon agency action will not tend to be limited  as is judicial review  to overseeing the good faith of agency policy choices. Rather exposure of the agency's decisional referents to the critical scrutiny of others possesses a potential ... for improving the degree of objective rationality of agency decisions."