ZEHMER, Judge.
This is an original proceeding initiated by petition for common law writ of certiorari. Petitioners seek review of a circuit court order quashing the final order of the Planning Commission of the City of Jacksonville that denied the respondent’s application for a zoning exception for off-street parking. Jurisdiction is predicated on Article V, section 4, Florida Constitution, and rules 9.030(b)(2)(B) and 9.100, Florida Rules of Appellate Procedure.
Petitioners are the City of Jacksonville Planning Commission and the City of Jacksonville. The respondent is L.E. Brooks, the owner of a car dealership in Arlington. Brooks filed an application seeking a zoning exception for off-street parking for his employees, pursuant to section 656.401(i)(l) of the Jacksonville Zoning Code. After a hearing on the matter, the Commission issued a final order denying Brooks’s application based on its findings that the proposed use would be contrary to section 658.104(b)(1) of the zoning code for the following reasons:
(a) The subject property is located in an established RS-F (Residential, Single-Family-60 foot minimum lot width/6,000 square feet minimum lot coverage) zoning district;
(b) The subject property is a vacant lot, surrounded on the west and north by single-family residences;
(c) A parking lot for a commercial use is a commercial encroachment into a residential area;
(d) To approve the proposed use would set a precedent for future commercial zoning along Arlingwood Road;
(e) The subject property is accessible only by a residential neighborhood street without the capacity to handle large amounts of traffic;
(f) The traffic generated by the commercial parking lot with eleven spaces would create greater amounts of traffic than one single-family dwelling;
(g) The proposed use is not consistent with the Greater Arlington/Beaches District Plan adopted by Resolution 85-1534-534, as amended by Resolution 88-1482-598, as further amended by Resolution 89-181-84, which projects the subject property in residential use (seven dwelling units per acre).
Brooks filed a petition for writ of certio-rari in the circuit court to review of the Commission’s order. The court granted Brooks’s petition and quashed the Commission’s order, stating in the court’s order:
When the party seeking the exception demonstrates that the application meets *272 the relevant statutory criteria, “the burden [is] upon the Planning Commission to demonstrate, by competent substantial evidence presented at the hearing and made a part of the record, that the exception requested ... [does] not meet such standards and [is], in fact, adverse to the public interest.” Irvine v. Duval County Planning Commission, 466 So.2d 357, 362, 364 (Fla. 1st DCA 1985) (Zehmer, J., dissenting), approved, 495 So.2d 167 (Fla.1986), adopted after remand, 504 So.2d 1265 (Fla. 1st DCA 1986). In their response to the Order to Show Cause, the Planning Commission and the City concede that Brooks met his initial burden, thereby requiring “the Planning Commission to demonstrate, by competent substantial evidence presented at the hearing and made a part of the record, that the exception requested ... did not” satisfy the criteria listed in Section 658.104(b) of the Zoning Code “and was, in fact, adverse to the public interest” (id.).
The burden rests on the Planning Commission to assure that an adequate record of the evidence presented at the hearing has been prepared and is provided to the court, to insure that an applicant’s right to proper judicial review will be protected. Failure to do so constitutes a departure from “the essential requirements of the law.” Irvine, supra, 466 So.2d at 366, 367-68. Here, the Planning Commission offered no record of the proceedings before it. As a result, the Court has had to rely upon the exhibits attached to the petition, which include only portions of the evidence presented, and are not sufficient for the Court to render an intelligent decision as to the sufficiency of the evidence presented to support the Planning Commission’s action. By way of example, the Court is unable to find in the materials before it any competent substantial evidence to support the “findings” that “[t]o approve the proposed use would set a precedent for future commercial zoning along Arlington Road”; that “[t]he subject property is accessible only by a residential neighborhood street without capacity to handle large amounts of traffic”; that granting the requested exception would increase the traffic through the adjoining residential neighborhood in any degree; or that the requested exception is “not consistent with Greater Arlington/Beaches District Plan.”
Because the Planning Commission has failed to provide a record of the proceedings before it sufficient to permit the Court to determine whether or not it met its burden of establishing by competent substantial evidence that the exception requested by Brooks did not meet the criteria listed in Section 658.104(b) of the Zoning Code and was “adverse to the public interest,” it has failed to observe “the essential requirements of the law.”
In their petition to this court, the City and the Commission argue that the circuit court’s order should be quashed because, among other things, it departed from the essential requirements of law in finding that after Brooks demonstrated he met the statutory criteria for the exception, the Commission had the burden of establishing by competent, substantial evidence that the exception did not meet those standards and is adverse to the public interest. They also argue that the circuit court departed from the essential requirements of law in finding that the Commission had the burden of assuring that an adequate record of evidence presented at the hearing has been prepared and is provided to the court on review. They contend that Irvine[1] does not require the Commission or any administrative agency to automatically prepare and submit to the reviewing court a record of the proceedings before the Commission or the agency.
We find no merit in these contentions. First, the City and the Commission apparently have confused the allocation of the burden of proof in use exception cases with the allocation of the burden of proof *273 in zoning variance cases. Generally, in proceedings on an application for rezoning or a variance from a zoning classification, the applicant has the burden of clearly establishing such right. Irvine v. Duval County Planning Commission, 466 So.2d 357, 362, 364 (Fla. 1st DCA 1985) (Zehmer, J., dissenting). See also Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975). However, in proceedings on an application to obtain a permissible use by special exception pursuant to express provision in the zoning ordinance, “where the applicant has otherwise complied with those conditions set forth in the zoning code, the burden is upon the zoning authority to demonstrate by substantial competent evidence that the special exception is adverse to the public interest (emphasis in the opinion).” Id. (quoting from Rural New Town, Inc. v. Palm Beach County, 315 So.2d at 480). This is so because:
“ ‘the conditional use or special exception, as it is generally called, is a part of the comprehensive zoning plan sharing the presumption that as such it is in the interest of the general welfare and, therefore, valid....
⅝ 4c ⅝ * *
“ ‘Since the exception bears legislative sanction, however, the burden of the applicant is much lighter than it would be if he sought a use variance. ’ ”
Id. at 364-65 (quoting from 3 Yokley, Zoning Law and Practice, § 20-1, pp. 212-13, 219-20 (4th ed. 1979). In this case, Brooks sought a special exception under section 656.401(i)(1) of the Jacksonville Zoning Code, and the circuit court found, as was essentially conceded by the City and Commission, that Brooks made a prima facie showing by affidavit that he is entitled to the exception.[2] Hence, there is no basis for concluding that the circuit court departed from the essential requirements of law in requiring the Commission to show by competent, substantial evidence that the requested exception does not meet the requirements of the zoning code and is adverse to the public interest.[3]
Second, in Irvine, the issue of the Planning Commission’s responsibility for preserving a record in these types of proceedings was described as follows:
[T]he commission failed to make an adequate record for purposes of judicial review. The burden is not on the applicant to make the record of the public proceedings before the commission. The commission had the responsibility to make a record of “sufficient degree to disclose the factual basis for its final determination with respect to such requests and appeals.” § 704.104(d), Jacksonville Municipal Code, (supra, p. 2). To meet this statutory obligation, the commission was required to have “the evidence adduced” at the hearing “taken down and made a part of the record of the administrative proceedings” and specific findings based on such evidence “entered in the record as a necessary predicate for the order made.” McRae v. Robbins, 9 So.2d at 291.[4] The commission failed to do so and now erroneously attempts to justify its action, as well as the circuit court decision, solely on the basis that petitioner failed to meet his burden of providing an adequate record.
466 So.2d at 367-68. We find no basis for any error in the instant case in the circuit court’s ruling that the Commission had failed to present any record evidence in support of the findings of fact recited in the Commission’s order denying the appli *274 cation. In the circuit court proceeding, Brooks attached the record transcript of the hearing and other documents to his petition, and the parties concede that there were no additional records to attach. In addition to finding that the Commission failed to provide a copy of the record of its proceedings, the circuit court found that the Commission failed to satisfy its burden of producing competent, substantial evidence to support its “findings” that Brooks did not meet the criteria listed in section 658.104(b).
The petition for writ of certiorari is DENIED.
JOANOS, J., and CAWTHON, Senior Judge, concur.

. Irvine v. Duval County Planning Commission, 466 So.2d 357, 362, 364 (Fla. 1st DCA 1985) (Zehmer, J., dissenting), approved, 495 So.2d 167 (Fla.1986), adopted after remand, 504 So.2d 1265 (Fla. 1st DCA 1986).

.In their response to Mr. Brooks’s petition for writ of certiorari to the circuit court, the city and the commission stated: "As proof that all of the criteria [of the ordinance] was [sic] met, Brooks makes reference to his own self-serving affidavit (Exhibit 'F in Brooks’ Petition), which Brooks in effect argues establishes the presumption that all of the standards and criteria were met. If there were no more evidence to the contrary, Brooks would have been entitled to the exception requested."

. Section 658.104 of the city code lists standards and criteria, generally relating to the welfare of the community, that the commission must consider in deciding whether to grant an exception.

. McRae v. Robbins, 151 Fla. 109, 9 So.2d 284 (1942).