IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CITY OF SATELLITE BEACH,

      Petitioner,

 v.                                      Case No. 5D16-2763

KLAUS GOERSCH AND BRIGITTE GOERSCH,

      Respondents.

_____/

Opinion filed April 28, 2017

Petition for Certiorari Review
of Order from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

James P. Beadle, of Spira, Beadle &
McGarrell, P.A., Palm Bay, for Petitioner.

Clifford Repperger, Jr., and Tiffany M.
Walters, of GrayRobinson, P.A, Melbourne,
for Respondents.

PALMER, J.

     The City of Satellite Beach (the City) seeks second-tier certiorari review of the

circuit court's order quashing the Board of Adjustment's denial of the Respondents', Klaus

and Brigitte Goersches', request for a fence variance. Because the circuit court failed to

apply the correct law, we grant the petition.

The Goersches purchased a home in Satellite Beach in 2012. At that time, the property contained an opaque fence which was installed in 2006. The fence became non-conforming in August 2007 as a result of an amendment to the Satellite Beach Code of Ordinances (the Code). The amendment reads:

> A fence shall not have more than 30 percent of any vertical surface per running foot constructed of opaque materials.

The Goersches applied for a permit to extend their existing fence. The permit was issued, and the fence was installed. However, the building inspector refused to issue a certificate of completion for the fence because it violated the opaqueness amendment.

The Goersches sought a variance from the Code to allow the now-completed, noncompliant fence to remain in place. Section 30-205(b) of the Code authorizes the Board of Adjustment to hear and decide applications for fence variances. This section provides:

**Powers and Duties**

. . . .

(3) <u>Criteria</u>. The board shall be governed by the following criteria when deciding whether a variance shall be granted:
a. Written application. A written application for a variance must be submitted demonstrating the following criteria, all of which must be met:
1. A special circumstance exists which is peculiar to the land, building, or structure involved (i.e., not applicable to other lands or structures in the same zoning district), and is not the result of the applicant's actions except as provided in (b)(3)b.3 (i) and (ii) of this section;
. . .
3. Literal interpretation of the provisions of this chapter would deprive the applicant of rights commonly enjoyed by other properties in the same zoning district and work unnecessary hardship on the applicant; and
4. Applicant's reason justifies granting the variance, and the variance is the minimum that will make possible the

reasonable use of the land, building, or structure under present zoning; and
5. The variance will be in harmony with the general intent of this chapter and the district in which the property is located and will not be detrimental to the neighborhood or the public welfare.

Id. The Goersches' application included the criteria required for a variance and asserted two special circumstances peculiar to their property: 1) the opaque existing fence was situated on the property when the Goersches purchased the property, and 2) the city-owned property immediately adjacent to the subject property was recently officially dedicated as a city park.

The Board of Adjustment conducted a variance hearing. Ultimately, the Board entered an order denying the Goersches' variance application.

The Goersches then sought certiorari review in the circuit court. They argued that the Board's order denying their variance application was not supported by substantial competent evidence. The circuit court agreed and granted the certiorari petition, quashing the decision of the Board and remanding the matter to the Board. The circuit court concluded:

> The only objective complaint raised by the neighbors' written comments was that the fence would be a potential hazard in the event of a hurricane or high winds. Although off-point and not addressed to the opaque nature of the fence, the Petitioners indicated that the City's breezeway requirement would be met. The remaining comments made by surrounding property owners amounted to disagreements with the contents of the Petitioners' application and complaints that the fence would obstruct the view of the ocean from the street and neighboring properties. The staff member that was present did not address any of the factors to be weighed regarding the issuance of a variance. Generalized opinions and complaints, without more, do not constitute competent, substantial evidence. Because the Board's denial was not supported by

3

competent, substantial evidence, the Petitioners' application for a variance should be granted.

Thereafter, the City filed the instant petition for a writ of certiorari arguing that the circuit court erred by improperly shifting the burden of proof. We agree.

Florida courts are authorized to use the common law writ of certiorari to review the actions of local government agencies not reviewable under Florida's Administrative Procedure Act. Broward Cty v. G.B.V. Int'l., Ltd., 787 So. 2d 838, 843 (Fla. 2001). When a petitioner seeks review of a quasi-judicial action, the circuit court conducts what is known as "first-tier" certiorari review. Id. The circuit court's review is confined to:

[1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence.

Id. When a party seeks certiorari review of the circuit court's order, the district court conducts what is known as "second tier" review and determines "[1] whether the circuit court afforded procedural due process and [2] applied the correct law." Id.

Neither party claims that it was denied procedural due process; hence, the only issue before this court is whether the circuit court applied the correct law. "[A] circuit court applies the 'wrong' or 'incorrect' law when it reweighs or reevaluates conflicting evidence and decides the merits of the underlying dispute anew." State, Dep't of Highway Safety & Motor Vehicles v. Wiggins, 151 So. 3d 457, 463 (Fla. 1st DCA 2014). The circuit court cannot reweigh the evidence and substitute its judgment for that of the Board. Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995).

For a variance request, the applicant carries the burden to establish that the criteria necessary to grant the request is met. Bd. of Cty. Cmm'rs of Dade Cty. v. First Free Will

4

Baptist Church, 374 So. 2d 1055 (Fla. 3d DCA 1979). The Board concluded that the Goersches did not meet that burden, and the record supports this conclusion. Since the Goersches never met their burden, the burden did not shift to the City to show that there was substantial competent evidence to support the Board's denial of the variance request. Accordingly, the circuit court failed to apply the correct law by shifting the burden to the City to show that the Board's denial was supported by substantial competent evidence.

Accordingly, we grant the petition, quash the circuit's order, and remand for further proceedings.

Petition GRANTED; Circuit Court Order QUASHED; Cause REMANDED.

EDWARDS, J. and JACOBUS, B.W., Senior Judge, concur.